**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Andrew HAWTHORNE, Defendant-Appellant.**

**No. 82–2565.**

United States Court of Appeals, Seventh Circuit.

Argued Feb. 25, 1983.

Decided April 20, 1983.

John A. Meyer, Chicago, Ill., for defendant-appellant.

James R. Ferguson, Asst. U.S. Atty., Chicago, Ill., for plaintiff-appellee.

Before WOOD and ESCHBACH, Circuit Judges, and GRAY,* Senior District Judge.

PER CURIAM.

Defendant Hawthorne appeals his conviction for the offense of unlawful possession of stolen government checks. His sole contention is that the indictment should have been dismissed because an earlier complaint charging him with the same offense had, on the government's motion, been dismissed without prejudice when it should have been dismissed with prejudice. We affirm.

* The Honorable William P. Gray, Senior District Judge of the Central District of California, sitting by designation.

On March 10, 1981, the appellant was arrested pursuant to a complaint charging him with knowing possession of a stolen United States Treasury check. Upon being brought before the magistrate, a preliminary hearing was set for March 20, and the defendant was released upon a personal recognizance bond. On the following day, March 11, he was taken into state custody pursuant to a warrant involving an unrelated matter. The government obtained a Writ of Habeas Corpus Ad Prosequendum to ensure the presence of the defendant at the preliminary hearing, and, pursuant thereto, he was released from state custody on March 19. The preliminary hearing subsequently was continued, with the consent of the defendant, from March 20 to March 25, due to the sudden unavailability of the government's only witness because of his having received an emergency assignment involving a crime in progress.

The preliminary hearing was conducted on March 25, 1981, and a finding of probable cause was entered. On April 24, 1981, and without notice to the defendant, the government's motion to dismiss the complaint *without prejudice* was granted. (It should be noted here that the sole issue in this appeal stems from the fact that forty-five days elapsed between the dates of arrest (March 10) and dismissal of the complaint (April 24) without an information or indictment having been filed.)

On March 23, 1982, the defendant was named in a seven-count indictment that also involved possession of stolen mail, including the check that was concerned in the earlier complaint. The defendant filed a pre-trial motion to dismiss the indictment on the ground that it violated the Speedy Trial Act. The motion was denied, the defendant was convicted, and this appeal followed.

In support of his pre-trial motion, the defendant replied, and now relies, upon the following provisions of the Speedy Trial Act:

18 U.S.C. § 3161(b) asserts that an indictment *shall* be filed within thirty days following arrest.

§ 3162(a) provides that if no indictment is filed within the thirty day period required by § 3161(b), the charge contained in such complaint shall be dismissed.

§ 3161(d)(1) directs, in pertinent effect, that if a charge in a complaint is dismissed and a new complaint filed, the provisions of § 3161(b) shall be applicable with respect to the subsequent complaint.[1]

The defendant pointed out to the trial court that the dismissal of the initial complaint occurred forty-five days after the arrest. The government responded by successfully urging that the six day delay in holding the preliminary hearing should be deemed to be excludable time, pursuant to § 3161(h)(8)(B)(i). However, the court denied the government's request that the nine days that the defendant spent in state custody also be excluded. Thus, as the trial court pointed out, the dismissal of the initial complaint was in violation of § 3161(b) because it exceeded by nine days the thirty day time limit for returning an indictment or dismissing the complaint.

The question upon which the trial court then focused, and the only issue before us, was whether the complaint had properly been dismissed *without prejudice.* The factors upon which such a determination should rest are set out in the text of the statute. Section 3162(a)(1), after directing dismissal of a complaint under the circumstances here concerned, goes on to provide:

> "In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

The trial judge adverted to these statutory guidelines and concluded that dismissal without prejudice had been appropriate. We agree with such conclusion and are unable to improve upon, and therefore adopt, the rationale upon which he based his decision:

> "In the instant case, the crime with which the defendants are charged is serious, and the sanction of dismissal with prejudice should only be imposed for a correspondingly serious delay. *United States v. Carreon,* 626 F.2d 528, 532 (7th Cir.1980). A delay of nine days in moving for dismissal does not constitute a 'serious delay', especially in view of the fact that defendants were not in custody during that time and have failed to establish that the delay was prejudicial in any way.

1. § 3161(b):

"(b) Any information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges...."

§ 3161(d)(1):

"If any indictment or information is dismissed upon motion of the defendant, or any charge contained in a complaint filed against an individual is dismissed or otherwise dropped, and thereafter a complaint is filed against such defendant or individual charging him with the same offense or an offense based on the same conduct or arising from the same criminal episode, or an information or indictment is filed charging such defendant with the same offense or an offense based on the same conduct or arising from the same criminal episode, the provisions of subsections (b) and (c) of this section shall be applicable with respect to such subsequent complaint, indictment, or information, as the case may be."

§ 3162(a)(1):

"If, in the case of any individual against whom a complaint is filed charging such individual with an offense, no indictment or information is filed within the time limit required by section 3161(b) as extended by section 3161(h) of this chapter, such charge against that individual contained in such complaint shall be dismissed or otherwise dropped. In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice."

"A review of the facts and circumstances of the case which led to the dismissal fails to reveal that the delay was intentional or that it was designed to gain some tactical advantage for the government. Indeed, it appears to the court that it was simply a clerical miscalculation of the dismissal date which resulted in a technical violation of the Act.

"Finally, we find that a reprosecution in this case will have little, if any, adverse impact on the administration of the Act and on the administration of justice. Defendants have claimed no prejudice due to this obviously insignificant delay, the delay was not intentional, and the purpose of the Act would not be served by requiring the court to impose the maximum sanction for a minimum violation. *See United States v. Regilio,* 669 F.2d 1169, 1172–73 (7th Cir.1981)." ("Order" dated May 27, 1982, pages 4 and 5).

The decision of the trial court is affirmed.