**UNITED STATES of America,
Plaintiff-Appellee,**

v.

**Jesus SALGADO–HERNANDEZ,
Defendant-Appellant.**

**Nos. 85–2849, 85–2850.**

United States Court of Appeals,
Fifth Circuit.

June 5, 1986.

Lucien B. Campbell, Federal Public Defender, San Antonio, Tex., for defendant-appellant.

Ms. Sidney Powell, Asst. U.S. Atty., Helen M. Eversberg, U.S. Atty., Michael R. Hardy, Asst. U.S. Atty., San Antonio, Tex., for plaintiff-appellee.

Before RUBIN, POLITZ, and JOHNSON, Circuit Judges.

ALVIN B. RUBIN, Circuit Judge:

This appeal presents a single issue: did the district court err in refusing to dismiss with prejudice the complaint against the defendant for the government's failure to indict him within thirty days of his arrest as required by the Speedy Trial Act? Because the Act commits to the judge's discretion the decision whether to dismiss the complaint with or without prejudice, we hold that the court acted within its authority when it dismissed the complaint without prejudice.

I.

Jesus Salgado-Hernandez was arrested on August 1, 1985, for unlawfully transporting eleven undocumented aliens. A complaint was filed the same day. On September 9, Salgado filed a motion to dismiss the complaint with prejudice for the government's failure to indict him within thirty days of his arrest as required by the Speedy Trial Act.[1] The magistrate dismissed the complaint without prejudice on September 13. Salgado appealed that decision to the district court.

On the same day that the magistrate dismissed the complaint without prejudice, the government filed an information charging Salgado with the commission of eleven counts of illegal transportation of aliens.

---

1. 18 U.S.C.A. § 3161(b) (West 1985).

On September 17, the grand jury indicted him on three counts of these charges.[2] Salgado moved to dismiss the indictment with prejudice for failure to comply with the Speedy Trial Act. The district court denied the motion and affirmed the magistrate's decision to dismiss the original complaint without prejudice.

Salgado entered a conditional plea of guilty to one count of the indictment, reserving his right to appeal the district court's affirmance of the magistrate's order and its refusal to grant his second motion to dismiss the indictment. He received a suspended five-year sentence. Salgado separately appealed each of the district court orders and the appeals were consolidated.

### II.

The Speedy Trial Act of 1974[3] establishes specific time limits for various stages of all federal criminal proceedings. Under the Act, the government must file an information or indictment within thirty days of the date of arrest or service of summons on the defendant.[4] If the defendant is not indicted within this time limit, the charge must be dropped.[5] Although dismissal is mandatory, the Act grants the trial judge the option to dismiss the complaint with or without prejudice. It states:

> In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.[6]

█ The Act does not create a presumption in favor of dismissal with prejudice when its time limits are violated, for reasons the Second Circuit has exhaustively explained in *United States v. Caparella*.[7] The statute's language mentions no presumption. Moreover, the legislative history of the Act reveals that Congress rejected a sanction of outright dismissal with prejudice in favor of a compromise that requires a court to balance the three factors listed in § 3162(a)(1). The language of that section specifies the availability of both remedies. Therefore, we adhere to the statute's apparent facial meaning, and join other circuits in holding that the decision is entrusted to the sound discretion of the district judge and that no preference is accorded to either kind of dismissal.[8] We review the district court's decision to dismiss a complaint with or without prejudice under the Speedy Trial Act only to determine whether the court has abused the broad discretion imparted to it.[9]

### III.

After reviewing the district court's application of the three factors set out in § 3162(a)(1), and its decision to dismiss the complaint against Salgado without prejudice, we conclude that the court clearly did not abuse its discretion. We discuss each of the factors in turn.

1. *Seriousness of the offense.* Each party characterizes the offense of alien-smuggling differently. The defendant

---

**2.** 8 U.S.C.A. § 1324(a)(2) (West Supp.1986).

**3.** 18 U.S.C.A. §§ 3161–3174 (West 1985).

**4.** *Id.* at § 3161(b).

**5.** *Id.* at § 3162(a)(1).

**6.** *Id.*

**7.** 716 F.2d 976, 978–80 (2d Cir.1983).

**8.** *See also United States v. Brown,* 770 F.2d 241, 243 (1st Cir.1985), *cert. denied,* — U.S. —,

106 S.Ct. 816, 88 L.Ed.2d 789 (1986); *United States v. Russo,* 741 F.2d 1264, 1266–67 (11th Cir.1984).

**9.** *United States v. Brown,* 770 F.2d 241, 242–43 (1st Cir.1985), *cert. denied,* — U.S. —, 106 S.Ct. 816, 88 L.Ed.2d 789 (1986); *United States v. Caparella,* 716 F.2d 976, 980–81 (2d Cir.1983); *United States v. Janik,* 723 F.2d 537, 546–47 (7th Cir.1983); *United States v. Frey,* 735 F.2d 350, 353–54 (9th Cir.1984); *United States v. Russo,* 741 F.2d 1264, 1266–67 (11th Cir.1984); *United States v. Bittle,* 699 F.2d 1201, 1208 (D.C.Cir. 1983).

points out that the United States Parole Commission has graded the offense as one of "moderate severity," a Category Three offense on an eight-category scale (Category Eight being the highest). The government argues that, although Salgado was convicted of only one count, the original complaint included eleven counts. Each count was punishable by imprisonment for up to five years.[10]

■ The Speedy Trial Act applies to felonies and to misdemeanors other than petty offenses.[11] The district court was permitted to use its judgment in assessing the relative severity of the crime of illegally transporting aliens. That crime is a felony. And as an objective measure, possible imprisonment for fifty-five years is some indication that the offense is serious. Indeed, the Seventh Circuit has held in *United States v. Hawthorne*[12] that an offense punishable by five years imprisonment, unlawful possession of a stolen check, is serious for purposes of the Speedy Trial Act. This offense was at least as grave and we find, therefore, that the district court did not abuse its discretion in concluding that the illegal transportation of aliens is a serious offense.

■ 2. *The facts surrounding the delay.* The parties agree that the government's failure to meet the deadline was due to negligence. The government argues persuasively that the Act can have a deterrent effect only if the government had made a voluntary decision to delay seeking the indictment. When the delay is attributable to an administrative error, the government argues, harsh application of the Act has no prophylactic effect. Although the District of Columbia Circuit has credited this argument,[13] we do not agree that oversight can always excuse a failure to meet the Act's deadline. If the government regularly or frequently fails to meet the Act's

time limits, the court may properly take that into consideration. Likewise, if the government has failed to meet the deadlines more than once with respect to the same defendant, that factor ought to be considered by the court. In this case, there was no such showing by Salgado[14] and the district court did not act improperly in holding that negligence was a factor weighing in favor of dismissal without prejudice.

3. *Impact of reprosecution on the administration of the Act and justice in general.* The defendant argues that the Speedy Trial Act was targeted to curb administrative neglect. He contends that the court's failure to dismiss with prejudice has no prophylactic effect on the government and, hence, does not foster the goals of the Act. The government responds that this first-interval delay lasted only nine days, imposing minimal prejudice on the defendant. Moreover, the government argues, dismissal without prejudice cannot undermine the administration of the Act when the Act itself commits the decision to dismiss with or without prejudice to the court's discretion. We find that those interests balance one another.

With respect to the impact of reprosecution on the administration of justice, Salgado presses his deterrence argument and also argues that he was prejudiced by the delay in seeking the indictment. The government responds that when, as here, the crime is serious, the sanction of dismissal with prejudice should be imposed only for a correspondingly serious delay. The delay in indicting Salgado was not lengthy.

■ Whether Salgado was prejudiced by the delay is doubtful. He remained in pretrial confinement throughout the nine-day delay, but bail had been set shortly after his arrest at $20,000, with his counsel's consent. Salgado has not shown that, if he had been indicted timely, he could have

10. 8 U.S.C.A. § 1324(a) (West Supp.1986).

11. 18 U.S.C.A. § 3172 (West 1985).

12. 705 F.2d 258 (7th Cir.1983).

13. *United States v. Bittle*, 699 F.2d 1201, 1208 (D.C.Cir.1983).

14. 18 U.S.C.A. § 3162(a)(2) (West 1985) (the defendant bears the burden of proof on motion to dismiss under § 3162(a) (2)).

posted bail in that amount. Although he was released on bail some time after the indictment was returned, this occurred only after his counsel filed a motion to modify the bond requirements. If Salgado was prejudiced at all, the harm was minimal. When balanced against the government's interest in the administration of justice, this factor does not weigh in favor of dismissal with prejudice.

### IV.

For the reasons set forth above, the district court's affirmance of the magistrate's dismissal of the complaint without prejudice is AFFIRMED.