UNITED STATES of America,
Plaintiff-Appellee,

v.

Joseph Shea PEEPLES,
Defendant-Appellant.

No. 86–1654

Summary Calendar.

United States Court of Appeals,
Fifth Circuit.

Feb. 20, 1987.

J. Kevin Charters, Lexington, Ky., for defendant-appellant.

Sidney Powell, Asst. U.S. Atty., Marvin Collins, U.S. Atty., David B. Lewis, Asst. U.S. Atty., Dallas, Tex., for plaintiff-appellee.

Before CLARK, Chief Judge, GARWOOD, and HILL, Circuit Judges.

PER CURIAM:

Joseph Shea Peeples contends that the district court erred in dismissing without prejudice a prior indictment against him. He was subsequently reindicted and convicted on all counts. Peeples argues that the Speedy Trial Act, 18 U.S.C. §§ 3161–3174, requires that the prior indictment be dismissed with prejudice. Finding no abuse of discretion by the district court in dismissing without prejudice, we affirm the judgments of conviction.

I.

Peeples was indicted on three counts of wire fraud and one count of conspiracy to commit wire fraud. His two codefendants were indicted on a number of related counts. Peeples was arraigned on June 8, 1984. The district court set trial for August 6, 1984. Peeples moved for a continuance on June 29, 1984, and waived his right to a speedy trial. In addition, on July 16, 1984, Peeples filed a document styled "Waiver pursuant to Speedy Trial Act" which provided as follows:

I, Joseph S. Peeples, understand that I have the right to a Speedy Trial, as pro-

vided by the Constitution and laws of the United States.

I, Joseph S. Peeples, hereby waive any right under the Speedy Trial Act and request a continuance of the trial date, pursuant to Title 18, United States Code, Section 3161(h)(8), et seq.

The district court granted Peeples' motion for a continuance on July 16 and entered an order as required by 18 U.S.C. § 3161(h)(8)(A) that the continuance was justified because the ends of justice outweighed the interest of the public and the defendant in a speedy trial. Trial was reset for October 1, 1984. On September 7, 1984 Peeples filed a motion to sever his trial from the trials of his codefendants, which the district court granted on October 1, 1984. The court reset Peeples' trial for February 4, 1985.

The trial was never held on February 4. The docket sheet reflects no order granting a continuance. Instead, the trial date was reset twice more and ultimately scheduled for January 6, 1986. On December 13, 1985, however, Peeples moved to dismiss his indictment alleging that the delay in commencing trial violated the Speedy Trial Act. The district court granted the motion to dismiss but provided it was to be without prejudice to the government's right to reindict. The court reasoned that any violation of the Act that had occurred was due to "honest confusion" over whether Peeples' waiver of speedy trial rights was a general waiver or whether it was limited to his motion for a continuance, and stated that the government was not at fault for the delay. In response to a memorandum by Peeples in support of his motion to dismiss with prejudice, the district court added that the case against Peeples was serious, Peeples' own conduct was responsible for much of the delay, and he was not prejudiced by the delay.

Peeples was reindicted on April 9, 1986 on three counts of wire fraud. He moved to dismiss the indictment on the grounds that the prior dismissal should have been with prejudice. At a hearing on Peeples' motion, the FBI agent in charge of preparing Peeples' prior case for trial testified that the U.S. Attorney's office repeatedly inquired of the court about the status of the case. No other witness testified. The district court refused to dismiss the second indictment, declining to reconsider the prior dismissal. Peeples was convicted on all three counts and he now appeals, arguing that the prior indictment should have been dismissed with prejudice.

II.

The Speedy Trial Act requires the trial of a federal criminal defendant to commence within 70 days of arraignment or of the filing of the indictment, whichever is later. 18 U.S.C. § 3161(c)(1). The Act lists a variety of delays that are excludable from the 70–day limit. Id. § 3161(h). If trial is not held within 70 days, on motion of the defendant the indictment must be dismissed. Id. § 3162(a)(2). The defendant has the burden of proving that dismissal is appropriate. Id. Although dismissal is mandatory when the Act is violated, the district court has broad discretion in deciding whether to dismiss with or without prejudice. United States v. Salgado-Hernandez, 790 F.2d 1265, 1267 (5th Cir.), cert. denied, —— U.S. ——, 107 S.Ct. 463, 93 L.Ed.2d 408 (1986). In exercising its discretion the district court is to consider the following factors: the seriousness of the crime, the facts and circumstances leading to dismissal, and the impact of reprosecution on the administration of the Act and on the administration of justice. 18 U.S.C. § 3162(a)(2). The district court's determination will be reversed only for an abuse of discretion. Salgado-Hernandez, 790 F.2d at 1267.

In this case the district court's dismissal of the prior indictment was not an abuse of discretion. We examine each of the factors in turn.

1. Seriousness of the crime. Peeples was reindicted on three counts of wire fraud. The indictment alleged that he attempted to defraud an investor of $500,000 by proposing to sell the investor an interest in a process that turned water into fuel. The charged offenses are felonies each punishable by up to 5 years in prison. 18 U.S.C. § 1343. Peeples admits for the pur-

poses of this appeal that the offenses charged were serious.

2. *Facts and circumstances leading to dismissal.* Peeples estimates that the number of nonexcludable days between arraignment and the scheduled trial date was 306. Neither the government nor the district court offered to calculate the number of nonexcludable days, although the district court did state that Peeples' health problems and his decision twice to plead guilty were responsible for much of the delay. Peeples contends that the lengthy delay favors dismissal with prejudice. He relies on *United States v. Russo,* 741 F.2d 1264, 1267–68 (11th Cir.1984), in which the court held that if the delay is lengthy mere negligence by the government does not justify dismissal without prejudice. Peeples argues that the court violated the Speedy Trial Act by failing to enter an order continuing the February 1984 trial as required by 18 U.S.C. § 3161(h)(8)(A). He also maintains that the prosecutor had a duty to file a motion seeking to have the court set a trial date.

█ If the prosecutor or the district court were entirely at fault for the delay in this case we might view Peeples' arguments more favorably. The adjudicated reason for the delay, however, was "honest confusion" about the scope of Peeples' waiver of Speedy Trial Act rights. Peeples drafted and filed the waiver. He does not challenge the reasonableness of the district court's belief that the waiver was a general waiver.[1] Indeed, on its face the waiver filed July 16 is ambiguous as to whether it is a general one: although Peeples requested a continuance he waived "any right under the Speedy Trial Act." We cannot conclude that the district court was bound to construe the waiver as manifestly intended to secure a continuance and sub-

mitted for no other purpose. *United States v. Howell,* 719 F.2d 1258, 1262 (5th Cir.1983), *cert. denied,* 467 U.S. 1228, 104 S.Ct. 2683, 81 L.Ed.2d 878 (1984). Peeples did not indicate that he claimed the waiver was for the limited purpose of securing a continuance until he moved to dismiss on December 13, 1985. The fact that the cause of delay was confusion for which Peeples was at least in part responsible favors dismissal without prejudice. Moreover, Peeples' responsibility for the delay substantially undercuts any weight the length of the delay may have had in favor of dismissal with prejudice.

3. *The impact of reprosecution on the administration of the Act and on the administration of justice.* Peeples argues that reprosecution in face of the prosecution's failure to move for a trial date and the district court's failure to order a continuance makes a mockery of the Speedy Trial Act. The delay was especially costly to the administration of justice, according to Peeples, because the trial required witnesses from other countries. He also contends that the delay was prejudicial to him because it caused or aggravated health problems and because it prevented him from taking the testimony of foreign witnesses.

█ Dismissal without prejudice of the prior indictment would not adversely affect the administration of the Act. The district court acknowledged its adherence to the Speedy Trial Act by dismissing the prior indictment as it believed it would have been required to do had Peeples' waiver been limited.[2] The prosecutor was at all times ready to proceed to trial and cannot be faulted for the ambiguity of Peeples' waiver. Rather, since a primary cause of the delay was the ambiguity of the waiver, requiring dismissal with prejudice would hurt the administration of justice. As the

1. Several other circuits have held that an affirmative waiver by a defendant is inoperative and does not suspend the requirements of the Speedy Trial Act. *See United States v. Ray,* 768 F.2d 991, 998 n. 11 (8th Cir.1985); *United States v. Pringle,* 751 F.2d 419, 433–34 (1st Cir.1984); *United States v. Carrasquillo,* 667 F.2d 382, 388–90 (3d Cir.1982). Peeples has never argued, however, that his waiver was inoperative as a matter of law, so we express no opinion on that

issue. *Compare United States v. Rush,* 738 F.2d 497, 509 (1st Cir.1984) (appellants concede that waiver has effect), *cert. denied,* 470 U.S. 1004, 105 S.Ct. 1355, 84 L.Ed.2d 378 (1985) *with Pringle,* 751 F.2d at 433 (appellants do not concede effectiveness of waiver).

2. The government did not appeal the dismissal of the prior indictment without prejudice; therefore, we do not face the question of wheth-

court explained in *United States v. Pringle,* 751 F.2d 419, 434 (1st Cir.1984):

> Where it is the conduct of the defendant or defense counsel which creates the delay, it is only the public's interest in a speedy trial which has been violated. Using the sanction of dismissal for such delay would be counterproductive because, even though it might keep the courts and the prosecution more on their toes, the possibility of dismissal would serve as a powerful incentive for defendants and defense counsel to create delay.

The court's reasoning is particularly appropriate here since Peeples seeks dismissal with prejudice. Finally, the record contains no evidence that Peeples was prejudiced by the delay. His general assertions of prejudice are not enough to meet his burden of proof under the Act. 18 U.S.C. § 3162(a)(2).

Our review of the statutory considerations convinces us that, under the facts of this case, the district court's dismissal without prejudice was not an abuse of discretion.

AFFIRMED.

er that dismissal was proper. *Compare Pringle,* 751 F.2d at 434 (delay caused by defendant's inoperative waiver excludable from Speedy Trial Act limit).