**UNITED STATES of America, Plaintiff-Appellee,**

v.

**Enrique MELGUIZO, Defendant-Appellant.**

**No. 87–2198**

**Summary Calendar.**

United States Court of Appeals, Fifth Circuit.

Aug. 4, 1987.

E. Dale Robertson, Robertson & Nunez, Brownsville, Tex., for defendant-appellant.

Susan L. Yarbrough, Asst. U.S. Atty., Henry K. Oncken, U.S. Atty., Houston, Tex., for plaintiff-appellee.

Before GEE, RUBIN and HILL, Circuit Judges.

PER CURIAM:

A defendant convicted of failure to file currency transaction reports contends on appeal that the district court erred in refusing to dismiss with prejudice the complaint against him for the government's failure to try him within seventy days of his indictment as required by the Speedy Trial Act. Finding that the district court did not abuse its discretion in evaluating the statutory factors that informed its decision to dismiss without prejudice, we affirm the defendant's subsequent conviction.

I.

Enrique Melguizo was indicted on August 12, 1986 for failing to file, on two separate occasions, currency transaction reports in violation of 31 U.S.C. §§ 5313 and 5322(a). The indictment was made public on August 14. Because of technical errors in the charging language of the original indictment, the government filed a superseding indictment charging the same offenses on September 23, 1986, and the original indictment was dismissed. The court, acting through a magistrate, then scheduled the case for the November trial dock-

et. On October 31, Melguizo moved to dismiss the superseding indictment, claiming that the government had violated the Speedy Trial Act[1] by failing to try him within seventy days of the date the original indictment was made public. In response, the government conceded a violation of the Act, but argued that any dismissal should be without prejudice. After analyzing the three factors that the Speedy Trial Act requires to be considered in determining whether dismissal should be with or without prejudice,[2] the district court dismissed the indictment without prejudice. Melguizo was thereafter reindicted for and convicted of the same offense, and was sentenced to pay a fine of $2,500 on each count.

## II.

As this court stated in *United States v. Salgado-Hernandez*,[3] the decision whether to dismiss a complaint under the Speedy Trial Act with or without prejudice is "entrusted to the sound discretion of the district judge and ... no preference is accorded to either kind of dismissal." We therefore review the district court's decision to dismiss Melguizo's indictment without prejudice only to determine whether the district court has abused its discretion.[4]

The Speedy Trial Act states:

In determining whether to dismiss the case with or without prejudice, the court shall consider, among others, each of the following factors: the seriousness of the offense; the facts and circumstances of the case which led to the dismissal; and the impact of a reprosecution on the administration of this chapter and on the administration of justice.[5]

We find that the district court did not abuse its discretion in applying these considerations. We discuss each one in turn.

■ In determining that the crime with which Melguizo was charged was serious, the district court looked primarily to the potential term of incarceration. Using the punishment prescribed by statute as a measure of the severity of the crime is a proper method of analysis under the Act.[6]

■ The two counts of failing to file currency transaction reports with which Melguizo was charged carried a combined possible sentence of ten years imprisonment.[7] This court upheld, in *Salgado-Hernandez*, a district court determination that the crime of illegally transporting aliens, for which the defendant faced a possible fifty-five year prison term, was serious.[8] We find that a possible sentence of ten years is also sufficient indication that the offense is serious.

Melguizo argues that in *Salgado-Hernandez* we erroneously relied on a Seventh Circuit decision, *United States v. Hawthorne*,[9] because that case allegedly involved an offense punishable by a longer period of imprisonment than the five years stated by our opinion. We need not reexamine our characterization of *Hawthorne*, however, because, regardless of the prison term at issue in that case, a possible ten-year sentence is a sufficient indication of severity to support the district court's determination.

The Act next requires consideration of the facts and circumstances leading to the dismissal. The government stated to the district court that its failure to meet the seventy-day deadline was due to negligence. Specifically, the Assistant United States Attorney who was present when the United States Magistrate scheduled the tri-

---

**1.** 18 U.S.C. § 3161(c)(1) (1982).

**2.** 18 U.S.C. § 3162(a)(2) (1982).

**3.** 790 F.2d 1265, 1267 (5th Cir.), *cert. denied,* —— U.S. ——, 107 S.Ct. 463, 93 L.Ed.2d 408 (1986).

**4.** *Id.; see also United States v. Peeples,* 811 F.2d 849, 850 (5th Cir.1987).

**5.** 18 U.S.C. § 3162(a)(2) (1982).

**6.** *See United States v. Bittle,* 699 F.2d 1201, 1208 (D.C.Cir.1983).

**7.** 31 U.S.C. § 5322(a) (Supp.III 1985).

**8.** *Salgado-Hernandez,* 790 F.2d at 1268; *see also Peeples,* 811 F.2d at 850–51.

**9.** 705 F.2d 258 (7th Cir.1983).

al was not familiar with the case and failed to discover that placing the case on the November trial docket would cause a speedy trial violation. Because Melguizo did not show that the government sought the delay or utilized it for any ulterior purpose, we find that the district court's characterization of the delay as "one of administrative neglect or of negligence on the part of the United States Attorney's office" was not erroneous.

As we held in *Salgado-Hernandez,*[10] government oversight cannot always excuse a failure to meet the speedy trial deadline, and the court should take into consideration such factors as whether the government regularly or frequently fails to meet the time limits, and whether the government has failed to meet the deadlines more than once with respect to the same defendant. Bound by the clear words of the Speedy Trial Act,[11] we must place on Melguizo the burden of proving the existence of these factors. Because he has failed to make any such showing, we find that the government's oversight in this case was not regular, frequent, or repetitive. The district court, therefore, did not err in determining that a dismissal with prejudice would have no prophylactic effect, or in concluding that the facts surrounding the delay weighed in favor of dismissal without prejudice.

Similarly, there is no error in the district court's evaluation of the impact of reprosecution on the administration of the Act and on the administration of justice. The delay of Melguizo's trial lasted only nine days, and, since he had been free on bond since August 26, 1986, he suffered minimal prejudice. This circuit and others have held that, when the delay is short and the defendant does not show more than minimal prejudice, reprosecution has little, if any, adverse impact on the administration of justice and the administration of the Act.[12]

This factor, therefore, also weighs in favor of dismissal without prejudice.

For the above reasons, the judgment of the district court is AFFIRMED.

---

10. 790 F.2d at 1268.

11. "The defendant shall have the burden of proof of supporting such motion [to dismiss]." 18 U.S.C. § 3162(a)(2) (1982). *See also Salgado-Hernandez,* 790 F.2d at 1268 & n. 14.

12. *See Salgado-Hernandez,* 790 F.2d at 1268–69; *Hawthorne,* 705 F.2d at 261; *Bittle,* 699 F.2d at 1208.