828 F.2d 20
 Unpublished Disposition
NOTICE: Sixth Circuit Rule 24(c) states that citation of unpublished dispositions is disfavored except for establishing res judicata, estoppel, or the law of the case and requires service of copies of cited unpublished dispositions of the Sixth Circuit.
UNITED STATES of America, Plaintiff-Appellant,
v.
Stuart R. CRANE, Defendant-Appellee.
 No. 86-2003
 United States Court of Appeals, Sixth Circuit.
 September 1, 1987.
 
 Before KEITH and ALAN E. NORRIS, Circuit Judges, and GIBBONS, District Judge.*
 PER CURIAM.
 
 
 1
 This matter is before us upon defendant's appeal from his convictions for federal income tax evasion, subscribing to a false income tax return, and the court's having enhanced his penalty as the result of his having committed the latter offense while released on bail.
 
 
 2
 On November 7, 1985, we reversed defendant's earlier conviction for income tax evasion as the result of failure to commence his trial as required by the Speedy Trial Act, and remanded the cause to the district court for a determination of whether the dismissal should be with or without prejudice. United States v. Crane, 776 F.2d 600 (6th Cir. 1985). Upon remand, and following hearings, the district court, on March 12, 1986, dismissed the cause without prejudice. New indictments were subsequently returned, followed by the convictions which ground this appeal.
 
 
 3
 Defendant's primary argument on appeal is that the district court committed reversible error in not dismissing the original indictment with prejudice. The standard to be applied in this appeal is whether the trial court abused its discretion in failing to dismiss with prejudice. See United States v. Salgado-Hernandez, 790 F.2d 1265, 1267 (5th Cir.), cert. denied, 107 S.Ct. 463 (1986); United States v. Brown, 770 F.2d 241, 242 (1st Cir. 1985), cert. denied, 106 S.Ct. 816 (1986); United States v. Caparella, 716 F.2d 976, 980 (2d Cir. 1983).
 
 
 4
 Having reviewed the record on appeal, and carefully considered the briefs and oral arguments of counsel, we are unable to say that the trial court abused its discretion. Accordingly, we affirm the district court's order of March 12, 1986 dismissing the indictment without prejudice, for the reasons stated by the district judge in his opinion delivered from the bench on March 5, 1986, an edited version of which was filed on July 21, 1986.
 
 
 5
 In view of our conclusion that the district court did not abuse its discretion in dismissing the original indictment without prejudice, defendant's argument, that a dismissal with prejudice would preclude the government from prosecuting him for making a false return, is moot.
 
 
 6
 It is undisputed that defendant was released on bail at the time he filed the tax return which was the predicate for his conviction for making a false return. Because our having reversed his first conviction for income tax evasion on speedy trial grounds does not change that fact, we cannot agree with defendant's contention that the reversal operates retroactively to insulate him from application of the sentencing enhancement provisions of 18 U.S.C. Sec. 3147.
 
 
 7
 The judgments appealed from are affirmed.
 
 
 
 *
 Hon. Julia S. Gibbons, United States District Judge for the Western District of Tennessee, sitting by designation