IN THE UNITED STATES COURT OF APPEALS

FOR THE FIFTH CIRCUIT

_____

No. 93-8875

_____


UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JAMES EDWARD JOHNSON,

Defendant-Appellant.

_____

Appeal from the United States District Court for the
Western District of Texas
_____

(August 9, 1994)

Before KING, JOLLY, and STEWART, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:

In this appeal, we are first required to determine whether delays in bringing the defendant to trial constitute a violation of the Speedy Trial Act, 18 U.S.C. §§ 3161-3174 (1985 & Supp. 1994). We conclude that more than seventy non-excludable days lapsed prior to the defendant's trial, and consequently, the Speedy Trial Act was violated. Second, we must decide whether the indictment should be dismissed with or without prejudice. We conclude that the indictment should be dismissed without prejudice, and that the case may be retried.

I

In June 1992, Customs officials seized approximately 262 pounds of marijuana, and arrested James Edward Johnson--who was on parole from a prior offense--and several of his acquaintances. On July 1, 1992, Johnson was formally indicted on several drug counts. Johnson's jury trial commenced on October 18, 1993, 473 days after indictment. The jury convicted him on all counts.

Approximately two months before trial, on August 5, 1993, Johnson moved to dismiss his indictment based upon the Speedy Trial Act, which requires that trial commence within seventy non-excludable days after indictment. The district court denied this motion, stating generally that pretrial motions were pending and that seventy non-excludable days had not elapsed. Johnson filed this appeal.

II

Johnson contends that the district court should have dismissed his indictment with prejudice because more than seventy non-excludable days elapsed from the time of indictment until the time of trial.[1] We review the facts supporting a Speedy Trial Act ruling for clear error, but we review legal conclusions de novo. United States v. Ortega-Mena, 949 F.2d 156, 158 (5th Cir. 1991).

---

[1]Johnson also presented arguments concerning prosecutorial and judicial misconduct. Because we find that the delays in this case amount to a Speedy Trial Act violation, we need not reach the remaining issues.

A

The Speedy Trial Act is designed to ensure a federal defendant's Sixth Amendment right to a speedy trial, and to reduce the danger to the public from prolonged periods of the defendant's release on bail. United States v. Gonzales, 897 F.2d 1312, 1315 (5th Cir. 1990), cert. denied, 498 U.S. 1029, 111 S.Ct. 683, 112 L.Ed.2d 675 (1991). To that end, the Act requires that a defendant be tried within seventy non-excludable days of indictment. If more than seventy non-excludable days pass between the indictment and the trial, the "indictment shall be dismissed on motion of the defendant." 18 U.S.C. § 3162(a)(2) (1985); United States v. Forester, 836 F.2d 856, 858 (5th Cir. 1988), cert. denied, 493 U.S. 920, 110 S.Ct. 284, 107 L.Ed.2d 264 (1989). Certain days are excluded from this calculation if those days fall within the Acts specific definition of "excludable days." See 18 U.S.C. § 3161(h)(1) (1985); United States v. Gonzales, 897 F.2d at 1315. Once a defendant has moved to dismiss an indictment for a Speedy Trial Act violation, "[t]he defendant has the burden of proof of supporting [his] motion [to dismiss]." 18 U.S.C. § 3162(a)(2) (1985); United States v. Williams, 12 F.3d 452, 459 n.32 (5th Cir. 1994); United States v. Melquizo, 824 F.2d 370, 372 n.11 (5th Cir. 1987), cert. denied, 487 U.S. 1218, 108 S.Ct. 2870, 101 L.Ed.2d 906 (1988).

473 days elapsed between Johnson's indictment and trial. This case turns, however, on whether certain periods of time should be

excluded from the Speedy Trial Act calculation. In particular, we are concerned with two provisions of the Act. First, § 3161(h)(1)(F) ("Subsection F") excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion." Section 3161(h)(1)(J) ("Subsection J") excludes "delay reasonably attributable to any period, not to exceed thirty days, during which any proceeding concerning the defendant is actually under advisement by the court."[2]

In Henderson v. United States, 476 U.S. 321, 106 S.Ct. 1871, 90 L.Ed.2d 299 (1986), the Supreme Court addressed these provisions in some detail. With respect to Subsection J, the Court stated that it "allows exclusions of up to 30 days while the district court has a motion `under advisement,' i.e., 30 days from the time the court receives all the papers it reasonably expects. . . ." Id. at 328-29. After that thirty-day period expires, the Speedy Trial clock begins to tick, regardless of when the trial court ultimately rules on the motion.

With respect to Subsection F, the Henderson Court noted that it applies in two different situations. Id. at 329. First, if a motion requires a hearing, Subsection F excludes the time between the filing of the motion and the hearing on that motion, even if a

---

[2]But see United States v. Ortega-Mena, 949 F.2d at 158-59 (the court evidently overlooked and failed to apply Subsection J in determining the number of excludable days).

delay between the motion and the hearing is unreasonable. Id. at 329-30. Additionally, the Court concluded that Subsection F implicitly excludes also that time after a hearing needed to allow the trial court to assemble all papers reasonably necessary to dispose of the motion, e.g., the submission of post-hearing briefs. Id. at 330-31. Once the court has received all submissions from counsel, it then meets the Henderson definition of taking the motion "under advisement." The trial court then has thirty excludable days under Subsection J in which to rule before the Speedy Trial clock again begins to tick.

In addition, Subsection F also applies in those situations where a motion does not require a hearing. If no hearing is required, Subsection F allows exclusionary time for a "prompt disposition" of the motion. Id. at 330 Only that time needed for a "prompt disposition," however, is excluded under Subsection F. The point at which time will no longer be excluded is determined by Subsection J, which permits an exclusion of thirty days from the time a motion is actually "under advisement." Id. at 329; United States v. Santoyo, 890 F.2d 726, 727 (5th Cir. 1989), cert. denied, 495 U.S. 959, 110 S.Ct. 2567, 109 L.Ed.2d 749 (1990). Thereafter, the fact that a motion is "pending," or is otherwise unresolved,[3]

---

[3]A "pending" motion may generally be characterized as a motion that has not been ruled on by the court, or is otherwise unresolved. Within the Speedy Trial Act context, whether certain days are excludable does not depend simply on whether a motion is "pending." Instead, a court must look more closely into the particular circumstances of that motion, e.g., whether there was a

-5-

does not toll the Speedy Trial clock.  With this explanation as our

guide, we turn to the facts of this case.

B

To determine whether the Speedy Trial Act has been violated,

we focus our attention only on specific periods of the 473 day time

span between Johnson's indictment and his trial.  As the district

court's docket sheet indicates, there was very little activity in

this case from late December 1992 until August 1993.  Johnson

hearing on the motion, or whether the motion was taken under
advisement, to determine whether certain days are excludable.
Henderson v. United States, 476 U.S. at 328-31, 106 S.Ct. at 1875-
77.  Some Fifth Circuit cases concerning the effect of pretrial
motions on the Speedy Trial Act calculation have made general
statements that at first glance appear to undermine Henderson.  In
United States v. Walker, 960 F.2d 409 (5th Cir.), cert. denied, ___
U.S. ___, 113 S.Ct. 443, 121 L.Ed.2d 362 (1992), for example, a
panel of this court stated that "Delays resulting from pretrial
motions will toll the trial clock indefinitely; there is no
independent requirement that the delay attributable to the motions
be reasonable."  Id. at 414 (citing United States v. Santoyo, 890
F.2d at 728, and United States v. Kington, 875 F.2d 1091, 1109 (5th
Cir. 1989)) (internal quotations omitted).  In United States v.
Williams, 12 F.3d 452 (5th Cir. 1994), another panel stated that
"[t]he Act excludes from calculation the period that runs from the
time when pretrial motions start pending until the court resolves
them."  Id. at 460 (citing Subsection F).  In United States v.
Gonzales, 897 F.2d 1312 (5th Cir. 1990), yet another panel stated
that "[any] period of delay . . . resulting from any pretrial
motion" is excludable.  Id. at 1316 (citing Subsection F and
Henderson); see also United States v. Neal, No. 90-1957, 1994 WL
381985 at *14 n.4 (5th Cir. July 21, 1994); United States v. Welch,
810 F.2d 485, 488 (5th Cir.), cert. denied, 484 U.S. 955, 108 S.Ct.
350, 98 L.Ed.2d 376 (1987).  In each case, however, the general
language can be traced directly to cases in which the principles
set forth in Henderson were strictly followed and properly applied
to the facts of the case.  Consequently, the scope of general
statements concerning "pending" pretrial motions, such as those
examples noted above, must be limited to the facts of each case,
and viewed within the context of principles set forth by Henderson.

contends that this period of time--specifically, the 188 days between January 28, and August 5, 1993[4]--were non-excludable, and constitute the necessary days for a Speedy Trial Act violation. The government, however, contends that during this critical time period, at least one of four "pending" i.e., unresolved, motions rendered the days in question excludable under the Act. We will, in turn, consider each pending motion, and that motion's effect on the Speedy Trial Act calculation.

(1)

The first motion in question, the defendant's motion for a bill of particulars, was filed on August 31, 1992. The government filed a response to the motion on September 16, but no hearing was conducted. The district court ultimately denied the motion approximate one year later on October 12, 1993. Johnson contends that, under Subsections F and J, the Speedy Trial clock was tolled from the date of filing, August 31, through October 16, 1992-- thirty days following the filing of the government's response on September 16. We agree with Johnson's reasoning. Clearly, under Henderson, the time between filing of a motion and the opponent's response is excludable, because until the court has before it all papers necessary to rule, the court cannot be said to have taken the matter under advisement. Because, however, it is not always

_____

[4]When counting days for Speedy Trial Act purposes, the actual filing date of the motion, and the date of the court's disposition are excludable. United States v. Kington, 875 F.2d at 1107.

clear from the appellate record when or if a court took a matter under advisement, absent evidence to the contrary, we hold, as a matter of law, that a motion should be considered under advisement for Speedy Trial Act purposes on the day the last paper concerning the motion at issue was filed with the court.[5]  In this case, as the docket sheet reflects, after the government filed its response to the motion, neither party filed additional materials concerning the Motion for a bill of particulars.  Thus, for Speedy Trial Act purposes, the motion is considered under advisement on September 16, and through the next thirty days, the clock is tolled.  Consequently, those days from October 16, 1992 until August 5, 1993[6] are not excludable for reasons associated with the motion for a bill of particulars.

(2)

The second motion, the defendant's motion in limine, was filed on December 16, 1992.  The government never responded to this

---

[5]Although this rule has never been clearly enunciated, it appears that we have applied this rule in the past.  See, e.g., United States v. Forester, 836 F.2d at 858-59; United States v. Horton, 705 F.2d 1414, 1416 (5th Cir.), cert. denied, 464 U.S. 997, 104 S.Ct. 496, 78 L.Ed.2d 689 (1983); see also United States v. Clark, 807 F.2d 412, 413 n.2 (5th Cir. 1986), cert. denied, 480 U.S. 950, 107 S.Ct. 1613, 94 L.Ed.2d 798 (1987) (assuming without deciding that the motion was taken under advisement).

[6]On August 5, 1993, the defendant filed his motion to dismiss his indictment for Speedy Trial Act violations.  The parties agree that the filing of this motion tolled the Speedy Trial clock. Thereafter, other pending motions or continuances rendered excludable the days between August 5, 1993 and the October 18, 1993 trial.

motion, and the court did not conduct a hearing on the matter before granting the motion on October 12, 1993. Because neither party ever filed additional materials concerning the motion in limine before it was ruled on, and because no hearing of any sort preceded the court's ruling, we consider the matter to have been under advisement beginning on December 16, 1992, the date the motion was filed. Thus, under Subsections F & J, the court had thirty excludable days--through January 15, 1993--in which to rule. Thereafter, none of the days between January 15, 1993 and August 5, 1993[7] are excludable for reasons associated with the motion in limine.[8]

(3)

The third motion in question, the defendant's motion to suppress evidence, was filed on December 16, 1992. The district

---

[7]See supra note 6.

[8]The government relies on United States v. Santoyo, 890 F.2d at 728, for the proposition that the period following the filing of a motion in limine is excludable under Subsection F, but its reliance is misplaced. In Santoyo, the defendant filed a motion in limine. Shortly after filing, "the court carried the motion for hearing during trial," and later conducted a hearing. Thus, under Henderson and Subsection F, the time that elapsed between filing of the motion in limine and the hearing, which was conducted at trial, was excludable. Consequently, we held that "[p]ending motions will toll the trial clock indefinitely. . . ." Id. In this case, there was no hearing, and the district court did not carry the motion for hearing at trial. Therefore, the district court had thirty non-excludable days in which to rule upon the motion in limine. See supra note 3. The result we reach in this case might well be different if the hearing on the motion in limine or the James motion, typically a motion postponed until trial, had the trial court held a hearing immediately before or during trial.

court conducted its final hearing on December 29, 1992,[9] but did not issue its ruling until July 14, 1993. After the hearing on December 29, neither the government nor Johnson filed additional materials pertaining to the motion to suppress. Because no additional materials were filed by either party, we regard the matter as under advisement as of the date of the hearing, December 29, 1992. Thus, under Subsection J, the district court had thirty excludable days--through January 28, 1993--in which to rule before the Speedy Trial clock again began to tick. Therefore, the days between January 28 and the July 14 disposition of the motion are not excludable for reasons associated with this motion.

(4)

The final motion at issue here, the defendant's Motion to Determine the Existence of a Conspiracy, otherwise known as a James motion,[10] was filed on December 16, 1992. Although Johnson expressly requested a hearing, no hearing was held prior to trial. The government never responded to the James motion. After initially filing the motion, Johnson did not file any additional materials concerning this motion. Furthermore, no James objection

_____

[9]The defendant actually filed several motions and supplemental motions to suppress. The last motion was filed on December 16, 1992. The court conducted several hearings concerning the motions and supplemental motions. The final hearing was conducted on December 29. For purposes of the Speedy Trial Act calculations, we look to the last motion filed, and the last hearing held.

[10]See United States v. James, 590 F.2d 575 (5th Cir.), cert. denied, 442 U.S. 917, 99 S.Ct. 2836, 61 L.Ed.2d 283 (1979).

was made at trial, and the matter was never argued or otherwise discussed at trial.[11]  Because there was no hearing on the motion, under Subsections F and J, the court had thirty excludable days-- through January 15, 1993--in which to rule on the motion. Consequently, those days between January 15, and August 5, 1993[12] cannot be excluded for reasons associated with the James motion.

(5)

A review of the foregoing thus demonstrates that, between January 28 and August 5, 1993, 188 non-excludable days elapsed. None of the "pending" motions cited by the government exclude the time period in question.  As a result, we conclude that the Speedy Trial Act was violated, and that, in accordance with the mandate of the statute, Johnson's indictment must be dismissed.

III

Johnson contends that we should dismiss the indictment with prejudice.  The government, on the other hand, seeks a dismissal without prejudice to reprosecution.  The Speedy Trial Act states that

> In determining whether to dismiss the case with or
> without prejudice, the court shall consider, among
> others, each of the following factors:  [1] the

_____

[11]In its supplemental letter brief to this court, the government states that "[t]he court did not hold a hearing on this Motion prior to trial, rather, it appears that this motion was carried to trial and denied at that time." No record cite for this contention was provided, and we have been unable to find support for the government's haphazard supposition.

[12]See supra note 6.

seriousness of the offense; [2] the facts and circumstances of the case which led to the dismissal; and [3] the impact of a reprosecution on the administration of this chapter and on the administration of justice.

18 U.S.C. § 3162(a)(2) (1985). The Act does not prefer one remedy over the other. United States v. Melguizo, 824 F.2d at 371. Although we may determine whether the indictment should be dismissed with or without prejudice, see, e.g., United States v. Blackwell, 12 F.3d 44 (5th Cir. 1994), the district court may be in a better position to make that determination if there are unanswered questions of fact. United States v. Willis, 958 F.2d 60, 64 (5th Cir. 1992). As noted above, the defendant has the burden of providing adequate proof to support his motion to dismiss. United States v. Williams, 12 F.3d at 459 n.32.

After considering the factors enumerated by § 3162(a)(2), we conclude that Johnson's indictment should be dismissed without prejudice. First, in the light of the fact that Johnson was charged with possession, and conspiracy to possess, with intent to distribute 262 pounds of marijuana, he prudently concedes that the charged offense is a serious offense. See United States v. Taylor, 487 U.S. 326, 338, 198 S.Ct. 2413, 101 L.Ed.2d 297 (1988) (controlled substance offenses are serious offenses); United States v. Melguizo, 824 F.2d at 371 (quantity of controlled substance helps determine the seriousness of the offense). Furthermore, Johnson is a recidivist, having previously been convicted of a drug offense. In fact, while he was residing at a half-way house

pending release on parole for his prior conviction, he committed the offense in this case. The serious nature of this crime and Johnson's recidivism unequivocally weigh in favor of dismissal without prejudice.

Next, we must consider the facts and circumstances that lead to dismissal. The government exceeded the Act's maximum time allowed by at least 118 days, a serious delay. Johnson, however, concedes that there was no bad faith on the part of the government, and that the delay was unintentional. Although Johnson did nothing actively to cause this delay, neither did he press his right to a speedy trial; according to the docket sheet, Johnson filed nothing with the court in the 167 days between February 18 and August 5, 1993, and then sought dismissal of the indictment. United States v. Cobb, 975 F.2d 152, 157 (5th Cir. 1992), cert. denied, ___ U.S. ___, 113 S.Ct. 1397, 122 L.Ed.2d 771 (1993) and cert. denied, ___ U.S. ___, 113 S.Ct. 1596, 123 L.Ed.2d 160 (1993) (noting that the defendant failed to press his right to a speedy trial before the court). Johnson, who has been incarcerated since his arrest on June 4, 1992, has presented no argument that he was prejudiced by this delay. He was adequately represented at trial, and he does not contend that the delay interfered with his ability to mount a defense. Moreover, Johnson has not argued that the United States Attorney regularly violates the Speedy Trial Act, nor has he argued that there has been a pattern of delay in this case. See United States v. Melquizo, 824 F.2d at 372. After considering these

factors and weighing then against one another, we conclude that the facts and circumstances of this case slightly point to dismissal without prejudice.

Finally, we consider the impact of a reprosecution on the administration of the Speedy Trial Act in particular, and on the administration of justice in general. Weighing in favor of dismissal with prejudice, we note that the Act was designed to protect a defendant's right to a timely trial, and dismissal with prejudice is more likely to cause the government and the courts diligently to comply with the Act's requirements. Allowing reprosecution, especially in cases such as this one where the delay is severe, may send the message to the government that violations-- even severe violations--of the Act will not result in a correspondingly severe penalty. On the other hand, we acknowledge that the public has a great interest in bringing to trial defendants, especially recidivists, who have been accused of committing serious crimes. Balanced together and in the light of the stated purpose of the Speedy Trial Act, however, we conclude that, given the congressional judgments that have been made in the passage of this Act, this factor weighs in favor of dismissal with prejudice.

Because there are no questions of fact to be explored by the district court, we conclude that there is no good reason to remand this determination to the district court. See, e.g., United States v. Blackwell, 12 F.3d 44, 48 (5th Cir. 1994); United States v.

<u>Velasquez</u>, 890 F.2d 717, 720 (5th Cir. 1989).  After weighing the seriousness of the charged offense, Johnson's recidivism, and the facts and circumstances of this delay--which all weigh in favor of dismissal without prejudice--against the impact of reprosecution on the Act and the general administration of justice, we hold that Johnson's indictment should be dismissed without prejudice.

IV

Based on the foregoing, the judgment of the district court is REVERSED, and the case is REMANDED with instructions to vacate the conviction and dismiss the indictment without prejudice.

R E V E R S E D and R E M A N D E D.