IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 28, 2008

Charles R. Fulbruge III
Clerk

No. 07-60100

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

WILBERT CONCHO

Defendant - Appellant

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 4:06-CR-17-3

Before REAVLEY, JOLLY, and GARZA, Circuit Judges.

PER CURIAM:[*]

Wilbert Concho appeals his conviction for charges arising from a burglary. Concho asks us to reverse his conviction and remand to the district court with instructions to dismiss the subject charge because of alleged violations of the Speedy Trial Act. We affirm.

Concho, along with Alan Bell and David Bell, allegedly broke into the home of an elderly member of the Mississippi Band of Choctow Indians ("MBCI"), within the boundaries of the MBCI reservation, on December 28, 2005.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

The three were arrested soon thereafter. The Choctow police department arrested Concho and took him into custody of the MBCI on January 4, 2006. The Bells, both Choctow Indians, were provided with free legal counsel and the tribal charges against them were disposed of quickly.

The charges against Concho, a Zuni Indian, were handled differently. Tribal charges were filed against him on January 11, 2006, but after a number of court appearances spanning several months, his case was not resolved because he could not secure counsel. Concho alleges that this is because he could not afford an attorney and to be eligible for free representation from the Tribal Public Defender, the defendant must be a member of the MBCI. Eventually, Concho was appointed counsel, and on November 21, 2006 Concho entered a no contest plea to some of the tribal charges and was sentenced accordingly.

Soon after Concho's arrest, Choctow law enforcement telephoned Assistant United States Attorney Jack Lacy to see if he might be interested in pursuing federal charges because the burglary occurred on an Indian Reservation and involved an assault on an elderly woman. Lacy expressed an interest in the case and received a report concerning the offenses the week after January 16, 2006. The federal case was submitted to the federal grand jury and an indictment against Concho was returned on May 11, 2006. The Choctow Police Department, which had custody of the defendant up to that point, transported him to federal court where on May 22, 2006 he was arraigned on the federal indictment. On August 1, 2006, Concho filed his initial motion to dismiss the indictment on speedy trial grounds and asked for a writ of habeas corpus. Hearings on the motion were conducted on August 14, August 18, August 24, and September 8, 2006, with the district court eventually denying the motion. The case proceeded to a bench trial on October 12, 2006, where the defendant was convicted of charges stemming from the burglary.

Concho appeals his conviction exclusively on Speedy Trial Act grounds. "We review the district court's factual findings supporting its Speedy Trial Act rulings for clear error and its legal conclusions de novo." United States v. Green, 508 F.3d 195, 199 (5th Cir. 2007), petition for cert. filed (U.S. Feb. 4, 2008) (07-9219) (internal quotation marks omitted).

Concho's first argument is that the Speedy Trial Act was violated because he was not indicted within thirty days of his arrest by the Choctow police department on January 4, 2006. The Act states in relevant part that "[a]ny information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Concho concedes that normally an arrest by another sovereign, such as a state or a recognized Indian tribe, does not trigger the running of the thirty day limit for the return of an indictment. See United States v. Taylor, 814 F.2d 172, 174–75 (5th Cir. 1987).

Concho says that his Choctow arrest triggered the clock because he was arrested solely to answer to a federal charge, and the government knew or should have known this. He relies on United States v. Woolfolk, where the court held that in some circumstances an individual held by state authorities can be considered under "federal arrest" or in "federal custody." 399 F.3d 590, 595–96 (4th Cir. 2005). The court reasoned that "something other than actual federal custody and federal arrest" can trigger the Speedy Trial Act; namely, "any restraint resulting from federal action." Id. at 596 (internal quotation marks omitted). The court concluded that a "'restraint resulting from federal action,' sufficient to trigger the time limits of the Speedy Trial Act, occurs when the Government [knew or should have known] that an individual is held by state authorities solely to answer to federal charges." Id. Concho says that the evidence that the Woolfolk test is met includes the following: (1) Choctow law

enforcement contacted AUSA Lacy about possible federal charges soon after he was arrested; (2) Concho could not be tried in tribal court because he could not afford private counsel and under MBCI policy he was ineligible for free representation from the Tribal Public Defender; and (3) Concho's case was constantly continued because he could not procure legal counsel. Therefore, according to Concho, together this shows that the MBCI held him solely to answer to the federal charges.

Even assuming the Woolfolk rule governs, Concho's arrest by the Choctow authorities did not trigger the speedy trial clock. The evidence does not bear out Concho's theory. Multiple Choctow law enforcement officers testified at the motion to dismiss hearings that they contacted AUSA Lacy about bringing federal charges in addition to tribal charges. Each said that as far as they knew the tribal charges remained and would be prosecuted. AUSA Lacy said that he did not direct the tribe to hold Concho for the federal charges. Concho did not present any relevant evidence, other than the circumstantial evidence cited above, to controvert this testimony. In part based on this evidence, the district court denied Concho's motion to dismiss, and the factual findings underpinning its legal conclusion are not clearly erroneous. Concho's evidence indicates that the tribal authorities were having trouble finding counsel for him, but it does not show that they were not pursuing tribal charges. Because Concho's January 4, 2006 arrest did not start the speedy trial clock, his argument under Section 3161(b) is rejected.

Concho's second argument is that he was not brought to trial within the time limit mandated by the Speedy Trial Act's Section 3161(c)(1). The section states in relevant part:

> In any case in which a plea of not guilty is entered, the trial of a defendant charged in an information or indictment with the commission of an offense shall commence within seventy days from the filing date (and making public) of the information or indictment,

> or from the date the defendant has appeared before a judicial officer of the court in which such charge is pending, whichever date last occurs.

18 U.S.C. § 3161(c)(1). Concho says that because his trial did not occur with seventy days of his federal arraignment, the statute was violated.

His argument fails because his initial pretrial motion tolled the speedy trial clock. He acknowledges that pretrial motions generally toll the clock under the Act's Section 3161(h)(1)(F), which excludes "delay resulting from any pretrial motion, from the filing of the motion through the conclusion of the hearing on, or other prompt disposition of, such motion . . . ." But he says that his pretrial motions did not toll the clock because they were Speedy Trial Act motions, which the court in United States v. New Buffalo Amusement Corporation held are not chargeable against a defendant because "to do so would improperly penalize defendants for their invocation of speedy trial rules and run counter to those rules." 600 F.2d 368, 375 (2d Cir. 1979) (internal quotation marks omitted).

We need not decide whether to adopt the rule from New Buffalo because Concho's August 1, 2006 motion also sought a habeas corpus order directing the MBCI to release him. This issue resulted in numerous pleadings and hearings, including discussion at pretrial hearings on August 24 and September 8, 2006, and a post-trial hearing on October 19, 2006. Although there may be scenarios where a particular pretrial motion does not toll the speedy trial clock, we see no reason why his combined pretrial speedy trial and habeas motion and the subsequent hearings did not toll the Section 3161(c)(1) clock. Therefore, under the tolling provisions of 18 U.S.C. § 3161(h) and the interpretation given these provisions in United States v. Johnson, 29 F.3d 940, 942 (5th Cir. 1994), Section 3161(c)(1) was not violated. Concho's argument under this section is rejected. AFFIRMED.