**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
June 16, 2009

Charles R. Fulbruge III
Clerk

No. 08-20413
Conference Calendar

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

VENANCIO ROCHA-CARRANZA,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:06-CR-216-5

Before SMITH, BENAVIDES, and HAYNES, Circuit Judges.

PER CURIAM:[*]

Venancio Rocha-Carranza appeals his conviction following a bench trial for conspiracy to transport and harbor illegal aliens in violation of 8 U.S.C. § 1324. He argues that the district court erred in denying his motions to dismiss his indictment as violating the Speedy Trial Act and the Double Jeopardy Clause. Our review of this appeal is de novo. *See United States v. Flores-Peraza*,

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

58 F.3d 164, 165 (5th Cir. 1995); *United States v. Johnson*, 29 F.3d 940, 942 (5th Cir. 1994).

Rocha-Carranza argues that his June 2006 indictment for conspiracy to harbor and transport aliens violated the Speedy Trial Act because the indictment was filed more than 30 days after his September 2004 arrest for illegal entry in violation of 8 U.S.C. § 1325(a). He argues that the June 2006 indictment violated the Double Jeopardy Clause because he was convicted in September 2004 for illegal entry in violation of § 1325(a) and § 1325(a) is a lesser-included offense of § 1324(a).

In general, an arrest on one charge does not trigger the right to a speedy trial on another charge filed after arrest, with an exception if a subsequent charge merely "gilds" the initial charge. *United States v. Giwa*, 831 F.2d 538, 542-43 (5th Cir. 1987). This "gilding" exception does not apply when the offenses for which the defendant was arrested and indicted, while arising out of the same criminal transaction, are separate and distinct offenses each requiring proof of different elements. *Id.* at 543. "[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." *Blockburger v. United States,* 284 U.S. 299, 304 (1932); *see United States v. York,* 888 F.2d 1050, 1058 (5th Cir. 1989).

Section 1325(a) requires proof of how an illegal entry was effected. Section 1324(a) does not require such proof. Section 1324(a) requires proof of, inter alia, the transportation or harboring of an alien. Section 1325(a) does not require such proof. Sections 1324(a) and 1325(a) are therefore separate and distinct offenses each requiring proof of a fact that the other does not. Accordingly, the indictment in this case did not violate the Speedy Trial Act or the Double Jeopardy Clause. *See York,* 888 F.2d at 1058; *Giwa*, 831 F.2d at 541-43. The judgment of the district court is AFFIRMED.