**UNITED STATES COURT OF APPEALS**
**FIFTH CIRCUIT**

_____

No. 99-20911

(Summary Calendar)

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

HUMBERTO MICHAEL CORNEJO-FLORES, also known as
Humberto Michael Cornejo, also known as Michael Humberto
Cornejo-Flores, also known as Michael Cornejo,

Defendant-Appellant.

_____

Appeal from the United States District Court
For the Southern District of Texas
H-98-CR-489-1

_____

May 18, 2001

Before EMILIO M. GARZA, STEWART and PARKER, Circuit Judges.

PER CURIAM:[*]

　　Harry E. Johnson, Sr. ("Johnson), a court-appointed attorney for the defendant-appellant

_____

　　[*] Pursuant to Fifth Circuit Rule 47.5, the Court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in Fifth Circuit
Rule 47.5.4.

Humberto Michael Cornejo-Flores ("Cornejo-Flores"), has filed a motion to withdraw as counsel in accordance with *Anders v. California*, 386 U.S. 738 (1967). We grant the motion, holding that there are no non-frivolous grounds for appealing Cornejo-Flores' criminal conviction for illegal re-entry by a deported alien in violation of 8 U.S.C. § 1326(b)(2). We accordingly dismiss his pro se appeal, and deny as moot his motion for the appointment of a substitute counsel.

On November 5, 1998, Cornejo-Flores, who had been deported previously for committing an aggravated assault, was arrested in Houston for illegally re-entering the United States. Thirty-three days later on December 9, a grand jury indicted him. At the time of his arrest, Cornejo-Flores had been in custody of the Immigration and Naturalization Service ("INS") since August 24, 1998 on a detainer for civil deportation.

Cornejo-Flores filed a motion to dismiss the indictment for failure to comply with the Speedy Trial Act's requirement that a grand jury indict a defendant within 30 days of his arrest. *See* 18 U.S.C. § 3161(b). The statute gives the court broad discretion whether to dismiss it with or without prejudice. The district court agreed that the indictment was untimely, but it dismissed it without prejudice, stating that Cornejo-Flores was arrested on November 5th and that he had been held for only 33 days. Cornejo-Flores argues that the district court should have dismissed with prejudice, because he claims that the government had technically arrested him on August 24th when he was in INS custody, and thus he had been arrested for over 100 days before being indicted.

The government then filed a superseding indictment charging him again with illegal re-entry. Cornejo-Flores waived his right to a jury trial and stipulated that he was a previously deported alien who had illegally re-entered the United States. The district court found him guilty in violation of 8 U.S.C. § 1326(b)(2). Applying the United States Sentencing Guidelines, the court sentenced

Cornejo-Flores to 70 months, which represented the low end of the sentencing range. He has since filed a timely notice of appeal.

Johnson, Cornejo-Flores' appointed defense counsel, has filed a motion to withdraw, contending that there are no non-frivolous issues for appeal. The Supreme Court in *Anders* held that a court-appointed attorney can withdraw from a direct criminal appeal if the attorney, after a "conscientious examination" of the case, finds no meritorious grounds for appeal. *Anders*, 386 U.S. at 744. After examining Johnson's *Anders* brief, the pro se reply brief submitted by Cornejo-Flores, and the record, we find four potential issues on appeal. All of them lack merit.

First, Cornejo-Flores contends that the district court erred in dismissing the indictment without prejudice. Although the district court must dismiss any indictment when more than 30 days have elapsed since the defendant's arrest, the court exercises "broad discretion" under the Speedy Trial Act in determining whether to dismiss an indictment with or without prejudice. *United States v. Salgado-Hernandez*, 790 F.2d 1265, 1267 (5th Cir. 1986). The court should take into account three factors: (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of re-prosecution on the administration of justice. *See id.*

The district court did not abuse its discretion in considering the three factors. First, the court properly considered Cornejo-Flores' offense as serious. *See United States v. Melguizo*, 824 F.2d 370, 371 (5th Cir. 1987) (holding that we look at the potential statutory term of incarceration for the underlying crime to determine the seriousness of offense). Under 18 U.S.C. § 1326(b)(2), Cornejo-Flores was subject to a potential twenty-year sentence. *See id* (holding that a potential ten year sentence reflected a serious offense); *Salgado-Hernandez*, 790 F.2d at 1268 (noting that some courts consider an offense with a potential five-year sentence as serious). Second, the court said the

government's reason for the delay—the large volume of cases assigned to the Assistant United States Attorney—was not unreasonable. Finally, the court held that a re-prosecution was not prejudicial to Cornejo-Flores, given that the government delayed indicting him by only three days. *See Salgado-Hernandez*, 790 F.2d at 1269 (holding that the district court did not abuse its discretion in dismissing without prejudice when the indictment was delayed by nine days).

Cornejo-Flores claims that the indictment was, in reality, delayed by more than a hundred days because he says he was technically arrested on August 24th when the INS detained him for civil deportation. His reliance on three cited district court cases is inapposite. *See United States v. Vasquez-Escobar*, 30 F.Supp.2d 1364 (M.D. Fla. 1998); *United States v. Pena*, 73 F.Supp.2d 56 (D.Mass. 1999); *United States v. Restrepo*, 59 F.Supp.2d 133 (D.Mass. 1999). In these three cases, the courts considered the defendants as "arrested" when they were in INS' custody because the period of civil detention was "used primarily or exclusively to develop criminal charges," and the INS had not even begun a process to deport the defendants. *See Restrepo*, 59 F.Supp.2d at 137-38. Indeed, we have held that the Speedy Trial Act is not implicated when a defendant is detained on civil deportation charges, unless prosecutors and the INS collude to hold the defendant for future prosecution. *See United States v. De La Pena-Juarez*, 214 F.3d 594, 598-601 (5th Cir. 2000); *see also United States v. Pena-Carrillo*, 46 F.3d 879, 883 (9th Cir. 1995). In our case, the district court found that there was no evidence of such collusion, and that the prosecutors did not even know that Cornejo-Flores was being detained by the INS until November 4, 1998.

The second potential ground for appeal is the defense of entrapment by estoppel. Cornejo-Flores claims that his due process rights were violated because, at the time of his initial deportation, the INS allegedly failed to give him INS Form I-294 informing him of the penalties if he illegally re-

entered the United States. This argument also lacks merit. A defendant can successfully raise an entrapment by estoppel defense only when the government "actively mislead[s] the defendant by inducing him to rely on 'an affirmative misrepresentation of the law by [the government official]." *United States v. Trevino-Martinez*, 86 F.3d 65, 69 (5th Cir. 1996) (internal citations omitted). Cornejo-Flores has not even alleged any affirmative misrepresentation of the law by the government. Moreover, the record reflects that the INS had given Cornejo-Flores a form warning him of the potential punishment should he re-enter the United States.

The third potential issue on appeal involves the district court's sentencing under the United States Sentencing Guidelines ("USSG"). We review the district court's application of the guidelines de novo, but accept its factual findings unless they are clearly erroneous. *See United States v. Guadardo*, 40 F.3d 102, 103 (5th Cir. 1994). We do not find any error in the district court's calculation that Cornejo-Flores had a total offense level of 21 and a criminal history category of V, and a sentence of 70 months of imprisonment (from a range of 70 to 87 months). *See* U.S.S.G. Ch.5, Pt. A (1998). Moreover, Cornejo-Flores has no meritorious objection to the district court's rejection of a downward departure. We cannot review a district court's refusal to depart from the USSG if it was "not in violation of the law, nor made in the mistaken belief that it was unable to depart." *United States v. Adams*, 996 F.2d 75, 79 (5th Cir. 1993) (refusing to review the district court's rejection of downward departure).

Another potential sentencing issue on appeal might be the district court's failure to verify at sentencing whether Cornejo-Flores and his attorney had read and discussed the Presentence Investigation Report ("PSR"). *See* FED. R. CRIM. P.52(b). We review for plain error when the defendant does not object to the district court's failure to ask this question. *See United States v.*

*Vasquez*, 216 F.3d 456, 459 (5th Cir. 2000) (stating that reversal is not required unless there is a plain error that affects the defendant's substantial rights and that affects the fairness or integrity of the judicial proceedings). Cornejo-Flores and his attorney filed objections to the PSR, suggesting that they had read it and that thus Cornejo-Flores' substantial rights were not likely affected.

Finally, Cornejo-Flores may raise an ineffective assistance of counsel claim. Cornejo-Flores claims that his prior counsel, a federal public defender, failed to consult him adequately regarding the option to testify on his own behalf at trial. We normally do not hear an ineffective assistance of counsel claim on direct appeal because the record is undeveloped to consider adequately this issue. Instead, we defer our judgment until the defendant has filed a habeas petition. Thus, any potential ineffective assistance of counsel claim is inappropriate at this time. *See United States v. Maria-Martinez*, 143 F.3d 914, 919 (5th Cir. 1998) ("As is our practice in direct appeals alleging ineffective assistance of counsel, we AFFIRM the judgment, but without prejudice to a subsequent motion under 28 U.S.C. § 2255").

We grant Johnson's *Anders* motion to withdraw as counsel, and we accordingly dismiss Cornejo-Flores' pro se appeal and deny as moot his motion for an appointment of a substitute counsel.