**UNITED STATES of America,**
**Plaintiff–Appellee,**

v.

**Ronald V. CLOUD,**
**Defendant–Appellant.**

**No. 89–10644.**

United States Court of Appeals,
Ninth Circuit.

Submitted Sept. 11, 1990.*

Decided Dec. 12, 1990.

Steve Cochran, Wyman, Bautzer, Kuchel & Silbert, Los Angeles, Cal., for defendant-appellant.

Ross W. Nadel, Asst. U.S. Atty., San Francisco, Cal., for plaintiff-appellee.

Michael S. Robinson, Anderson, McPharlin & Conners, Los Angeles, Cal., for amicus curiae.

---

* The panel finds this case appropriate for submission without oral argument pursuant to Ninth Circuit Rule 34–4 and Fed.R.App.P. 34(a).

Before CHOY, FARRIS and THOMPSON, Circuit Judges.

CHOY, Circuit Judge:

Appellant Ronald Cloud (Cloud) appeals from the district court's order denying his motion to "correct an illegal sentence." We affirm.

## I. FACTUAL AND PROCEDURAL BACKGROUND

Cloud was convicted of aiding and abetting bank fraud in violation of 18 U.S.C. §§ 2 and 1344 and conspiracy to commit bank fraud in violation of 18 U.S.C. § 371. The facts supporting these convictions are detailed in our opinion considering Cloud's first appeal of his conviction and sentence, *United States v. Cloud*, 872 F.2d 846 (9th Cir.) [hereinafter *Cloud I*], *cert. denied,* — U.S. ——, 110 S.Ct. 561, 107 L.Ed.2d 556 (1989). In *Cloud I* we declined to consider the issue we decide today, because Cloud had failed to present it to the district court. *Id.* at 857.

Cloud's sentence provided, *inter alia,* that he was to make restitution payments of $800,000 semi-annually for a total of $7,500,000. After our decision in *Cloud I,* Cloud, pursuant to the version of Federal Rule of Criminal Procedure 35(a) in effect at the time of his sentencing, June 19, 1987, *see United States v. Minor,* 846 F.2d 1184, 1188 (9th Cir.1988), brought a motion in the district court claiming that the portion of his sentence stating that on his death any unpaid balance of his restitution payments were due and payable violated 18 U.S.C. § 3565(h) (repealed). Section 3565(h) provided that an "obligation to pay a fine or penalty ceases upon the death of the defendant." *Id.* The district court denied Cloud's motion.

## II. DISCUSSION

■ This case involves the interpretation of statutes and the legality of Cloud's sentence. It is therefore subject to de novo review. *United States v. Polizzi,* 801 F.2d 1543, 1547 (9th Cir.1986); *United States v. Pomazi,* 851 F.2d 244, 247 (9th Cir.1988), *abrogated on other grounds by, Hughey v. United States,* — U.S. ——, 110 S.Ct. 1979, 109 L.Ed.2d 408 (1990).

Previous decisions of this court emphasize both the compensatory and penal aspects of the restitution payments authorized under the Victim and Witness Protection Act (VWPA), 18 U.S.C. §§ 3663, 3664 (previously numbered 3579, 3580). *See Pomazi,* 851 F.2d at 248 (emphasizing compensatory nature of VWPA); *Cloud I,* 872 at 854 (emphasizing penal nature of VWPA); *United States v. Keith,* 754 F.2d 1388, 1391–92 (9th Cir.) (emphasizing penal nature of VWPA), *cert. denied,* 474 U.S. 829, 106 S.Ct. 93, 88 L.Ed.2d 76 (1985). It is clear that restitution payments have both compensatory and penal purposes.

■ Classification of restitution payments as either penal or compensatory is dependent on the particular context in which this inquiry is conducted. *See District of Columbia v. Carter,* 409 U.S. 418, 420–21, 93 S.Ct. 602, 604–05, 34 L.Ed.2d 613 (1973) (words have different shades of meaning and are construed in terms of the particular legislative context in which they are used). Thus our task is not to decide whether restitution payments under the VWPA are primarily penal or primarily compensatory. Rather our task is essentially one of statutory interpretation. We must determine, in light of the legislative history and purposes of 18 U.S.C. § 3565(h) and the VWPA, whether the "cease upon death" provision of 18 U.S.C. § 3565(h) applies to restitution orders made under the VWPA.

This court has previously emphasized that a significant objective of the VWPA is providing full compensation to victims. *Pomazi,* 851 F.2d at 248.

The legislative history of the VWPA demonstrates that Congress sought to implement a system by which "the wrongdoer is required to the degree possible to restore the victim to his or her prior state of well-being." S.Rep. No.

97–532, 97th Cong., 2d Sess. 30 *reprinted in* 1982 U.S.Code Cong. & Admin. News 2515, 2536.... Section 2 of the VWPA expressly states that one of Congress' purposes in enacting the legislation was "to ensure that the Federal Government does all that is possible within limits of the available resources to assist victims and witnesses of crime without infringing on the constitutional rights of the defendant." Pub.L. No. 97–291, § 2, 96 Stat. 1248 (18 U.S.C. § 1512 note).

*Id.* If we interpreted section 3565(h) to cancel restitution payments outstanding at death, it would create the possibility that the compensatory goals of the VWPA would be frustrated. A person such as Cloud might die with a wealthy estate leaving the victims of his crime uncompensated, and his heirs the recipients of wrongly obtained funds.

■ We find no indication in the legislative history of section 3565(h) that Congress intended such a result. All of section 3565 is concerned with the collection of fines or penalties *by the government.* Section 3565 provides a mechanism for the collection of fines or penalties imposed by the government and retained by the government. Nowhere does it purport to limit restitution payments.

We decline to construe section 3565(h) to frustrate one of the significant goals of the VWPA, victim compensation.

The order of the district court is AFFIRMED.