REVISED, June 12, 1998

UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 97-10520
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

MICHAEL DEE BLEVINS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Texas
_____

May 20, 1998

Before REAVLEY, JONES, and BENAVIDES, Circuit Judges.

EDITH H. JONES, Circuit Judge:

The issue on appeal is whether the district court erred in dismissing appellant Michael Dee Blevins's case without prejudice for violation of the Speedy Trial Act, 18 U.S.C. § 3161 *et. seq.* We hold that the court did not abuse his discretion and, accordingly, AFFIRM. However, we take this opportunity to remind the district courts that in order for this court to conduct a meaningful review, district courts are required to articulate their

reasons pursuant to the Speedy Trial Act for dismissal of an indictment either with or without prejudice.

## FACTUAL BACKGROUND

On March 2, 1995, a Texas state trooper observed a car weaving across the center line into oncoming traffic and heading toward his patrol car. To avoid being hit, the trooper was forced to veer off the highway. After avoiding the collision, he turned his patrol car around to pursue the out-of-control car. At that point, the car again crossed the center line and collided head on with a pick up truck. After the accident, the driver, appellant Michael Dee Blevins, was arrested and taken to jail. While being escorted to jail, hundreds of loose pills, capsules, and tablets began to fall from Blevins's pockets. The authorities discovered him to be in possession of many prescription medications for which he did not have a prescription. Further testing indicated that at the time of the accident, Blevins's blood contained many of the prescription drugs in his possession. At the time of his arrest, Blevins, a pharmacist, was on probation for knowingly failing to keep pharmaceutical records, an offense to which he pleaded guilty in February 1995.

Blevins was indicted on May 16, 1995 on four counts of possession of controlled substances. He made an initial appearance on June 1, 1995, and the case was set for trial on July 3, 1995. The Government moved to dismiss the indictment on November 3, 1995

2

for noncompliance with the Speedy Trial Act; the court granted the motion to dismiss without prejudice.

The Government reindicted Blevins on July 9, 1996. Blevins made an initial appearance on July 11, 1996, and his trial was set for October 7, 1996. There were no motions filed in the case after Blevins's initial appearance until, on October 1, 1996, Blevins filed a motion to dismiss the indictment with prejudice for noncompliance with the Speedy Trial Act. The district court granted Blevins's motion to dismiss without prejudice on October 18, 1996.

On November 19, 1996, Blevins was again indicted on four counts of possession of controlled substances; trial was scheduled for January 6, 1997. On December 18, 1996, Blevins again filed a motion to dismiss the indictment for noncompliance with the Speedy Trial Act and the Sixth Amendment and also requested the district court to reconsider its prior dismissal of the indictment without prejudice on October 18, 1996. The district court denied Blevins's motion to dismiss as well as the motion for reconsideration.

After entering into a plea arrangement with the Government, Blevins pleaded guilty to one possession count on January 23, 1997. He timely appealed the issue of whether the district court erred in dismissing the indictment without prejudice in October 1996.

**DISCUSSION**

Both paries agree that the district court properly dismissed the indictment on October 18, 1996 for noncompliance with the Speedy Trial Act. What they dispute is whether the district court erred in dismissing the indictment <u>without prejudice</u> rather than barring reprosecution by the Government.

We review a district court's decision to dismiss an indictment without prejudice for noncompliance with the Speedy Trial Act for an abuse of discretion. *See United States v. Taylor,* 487 U.S. 326, 342-43 (1988). In determining whether a dismissal of an indictment for noncompliance with the Speedy Trial Act should be with or without prejudice, the district court at least must consider (1) the seriousness of the offense, (2) the facts and circumstances of the case which led to the dismissal, and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. *See* 18 U.S.C. § 3161(a)(2); *Taylor,* 487 U.S. at 332-33. The defendant has the burden of proving that dismissal of his case pursuant to these factors is appropriate. *See United States v. Melguizo,* 824 F.2d 370, 372 & n.11 (5th Cir. 1987) (relying on 18 U.S.C. § 3162(a)(2)), *cert. denied,* 487 U.S. 1218 (1988).

A district court is not required to dismiss an indictment with prejudice for every violation of the Speedy Trial Act. *See Taylor,* 487 U.S. at 342. "[T]he decision whether to dismiss a complaint under the Speedy Trial Act with or without prejudice is entrusted to the sound discretion of the district judge and . . .

5

no preference is accorded to either kind of dismissal." *Melguizo,* 824 F.2d at 371 (internal quotations omitted). Although not as harsh a sanction as dismissal with prejudice, dismissal without prejudice is meaningful because it, *inter alia,* forces the Government to obtain a new indictment if it decides to reprosecute as well as exposes the prosection to dismissal on statute of limitations grounds. *See Taylor,* 487 U.S. at 342.

Although the district court failed to articulate its reasons pursuant to the statute for dismissing Blevins's indictment without prejudice, neither party has commented on this point in its brief. Without question, the district court should have articulated its reasons for doing so:

> Where, as here, Congress has declared that a decision will be governed by consideration of particular factors, a district court must carefully consider those factors as applied to the particular case and, whatever its decision, clearly articulate their effect in order to permit meaningful appellate review. Only then can an appellate court ascertain whether a district court has ignored or slighted a factor that Congress has deemed pertinent to the choice of remedy, thereby failing to act within the limits prescribed by Congress.

*Taylor,* 487 U.S. at 336-37. However, the fact that the district court neglected to articulate its reasons for dismissal without prejudice does not mandate that we remand to the district court for it to do so. *See United States v. Jones,* 887 F.2d 492, 495 (4th Cir. 1989), *cert. denied,* 493 U.S. 1081 (1990). Where, as here, the record is sufficient for us to make a determination of whether the district court abused its discretion by dismissing Blevins's case without prejudice, we will "undertake more sub-

6

stantive scrutiny to ensure that the judgment is supported in terms of the factors identified in the statute." *Taylor,* 487 U.S. at 337; *Jones,* 887 F.2d at 495.

From this perspective, it is clear from the record that the court properly opted to permit reprosecution in this case. The offense for which Blevins was charged was a serious offense. After using his position as a pharmacist illegally to obtain controlled substances, he endangered the public by driving under the influence. Moreover, he engaged in this criminal behavior while on probation for another drug-related offense. The serious nature of his offense coupled with his recidivism weighs in favor of dismissal without prejudice. *See United States v. Johnson,* 29 F.3d 940, 946 (5th Cir. 1994).

Regarding the facts and circumstances leading to the dismissal, we look to whether the Government sought the resultant delays for ulterior purposes as well as whether the Government's failure to meet deadlines was repetitive, regular, and frequent with respect to this defendant. *See Melguizo,* 824 F.2d at 371-72. With respect to the delay between Blevins's appearance in July 1996 and his filing the motion to dismiss on October 1, 1996, Blevins has not disputed the Government's contention that the case was assigned the earliest trial date that the district court had available. He has provided this court with no factual support for his assertion that the delay was sought for ulterior purposes or that the Government regularly or frequently failed to meet

7

deadlines in his case. He has failed to show that the circumstances in his case weigh in favor of dismissal with prejudice.

In evaluating the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice, we consider the defendant's right to a timely trial; the deterrent effect of a prejudicial dismissal on the Government's repeated violations of speedy trial requirements; and the public's interest in bringing Blevins to trial. *See Johnson,* 29 F.3d at 946. During the delay about which Blevins complains -- the period between his second indictment on July 9, 1996 and the dismissal of his case on October 18, 1996 -- Blevins filed nothing with the district court until he sought dismissal of his indictment on October 1, 1996. There is nothing in the record to indicate that Blevins did anything to press his right to a speedy trial. *See id.* (approving of a dismissal without prejudice for a defendant who, although doing nothing actively to cause the delay, did not press his right to a speedy trial). The record does not reflect that the Government intentionally delayed the proceedings at any time; a dismissal with prejudice for deterrent value would, therefore, be inappropriate. The public has a great interest in bringing Blevins to trial particularly in light of his illegal possession of controlled substances despite his previous conviction.

**CONCLUSION**

8

The district court did not abuse its discretion in dismissing Blevins's indictment without prejudice. We AFFIRM the judgment of the district court.