IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-40241
Conference Calendar
_____

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

ROGER VICTOR ALPUCHE-MIRANDA,

                                        Defendant-Appellant.

- - - - - - - - - -
Appeal from the United States District Court
for the Southern District of Texas
USDC No. B-98-CR-482-ALL
- - - - - - - - - -

December 15, 1999

Before JOLLY, HIGGINBOTHAM, and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Roger Victor Alpuche-Miranda ("Alpuche") appeals his conviction for illegal re-entry into the United States, in violation of 18 U.S.C. § 1326(a). The district court dismissed Alpuche's first indictment without prejudice as a violation of the Speedy Trial Act, but he was re-indicted five days later. He then entered a conditional guilty plea that permitted him to appeal the Speedy Trial Act ruling.

Alpuche conclusionally argues that the dismissal of the

_____

    [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

first indictment should have been a dismissal with prejudice and suggests that the Government cannot "disregard the Speedy Trial Act by simply re-indicting a defendant." He is incorrect. The Speedy Trial Act explicitly provides for the possibility of "reprosecution" in the event of a dismissal without prejudice. See 18 U.S.C. § 3162(a)(1), (a)(2). The district court did not abuse its discretion in dismissing the first indictment without prejudice and in permitting re-indictment. See United States v. Blevins, 142 F.3d 223, 224-25 (5th Cir. 1998). Accordingly, Alpuche's conviction is AFFIRMED.