UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 01-50464
_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

ESTATE OF ANDREW CLYDE PARSONS
as Represented by its Independent Executor,
Patrick D. Millar,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Western District of Texas

_____

December 11, 2002

Before KING, Chief Judge, JONES, and EMILIO M. GARZA, Circuit
Judges.

EDITH H. JONES, Circuit Judge:

Juries have twice found Parsons guilty of federal arson,
mail fraud, and money laundering.  Parsons died while his second
appeal was pending before this Court.  We hold that Parsons's
Estate is not entitled to a return of the criminal forfeiture he
paid the government before his death.  More problematically, we are

compelled by the current law of this circuit to conclude that Parsons's restitution order does not abate due to his death, and we must review his now-abated conviction to determine whether the restitution order was properly awarded. Finding no merit in issues raised concerning the Speedy Trial Act and the interstate commerce basis for Parsons's federal arson charge, we affirm the restitution order.

## I. BACKGROUND

On May 13, 1997, a federal grand jury returned a ten-count indictment against Parsons alleging that he intentionally burned a hotel and pavilion he owned in Clifton, Texas. Parsons appealed after a jury convicted him on all ten counts. This Court found that Parsons's trial began outside the time limits prescribed by the Speedy Trial Act, 18 U.S.C. § 3161, et seq., vacated his conviction, and remanded to the district court for determination whether the indictment should be dismissed with or without prejudice. Without a hearing, the district court dismissed the indictment without prejudice and denied Parsons's subsequent motion to reconsider.

The government reindicted Parsons for two counts of federal arson in violation of 18 U.S.C. § 844(i), four counts of mail fraud in violation of 18 U.S.C. § 1341, and four counts of laundering money from criminally derived property in violation of 18 U.S.C. § 1957. A jury again found Parsons guilty on all ten

2

counts. The district court entered a preliminary judgment of forfeiture in the amount of $970,826.90; fined Parsons $75,000; ordered Parsons to pay restitution to the insurance companies that reimbursed him for his claimed losses in the amount of $1,317,834.57; ordered Parsons to pay a special assessment of $1,000; and sentenced Parsons to imprisonment for a term of 78 months and supervised release for a term of three years. Before Parsons died, the United States Department of Treasury, Bureau of Alcohol, Tobacco and Firearms received payment for the forfeiture judgment. Parsons timely appealed his conviction to this Court but then died. This Court granted a motion to substitute his Estate as appellant.

## II. DISCUSSION

### A. Survival of VWPA Restitution Order

The general rule, uncontested by the government, is that the death of a criminal defendant pending direct appeal of his conviction abates the criminal proceeding ab initio, as if the defendant had never been indicted and convicted.[1] Unpaid fines and

---

[1]Durham v. United States, 401 U.S. 481, 483, 91 S. Ct. 858, 860, 28. L. Ed. 2d 200, 203 (1971), overruled in part by Dove v. United States, 423 U.S. 325, 96 S. Ct. 579, 46 L. Ed. 2d 531 (1976); United States v. Wright, 160 F.3d 905, 908 (2d Cir. 1998); United States v. Logal, 106 F.3d 1547, 1551 (11th Cir. 1997); United States v. Davis, 953 F.2d 1482, 1486 (10th Cir. 1992); United States v. Wilcox, 783 F.2d 44 (6th Cir. 1986); United States v. Oberlin, 718 F.2d 894 (9th Cir. 1983); United States v. Pauline, 625 F.2d 684 (5th Cir. 1980); United States v. Moehlenkamp, 557 F.2d 126 (7th Cir. 1977); Crooker v. United States, 325 F.2d 318 (8th Cir. 1963).

forfeitures also abate upon a criminal defendant's death.[2]  But the doctrine of abatement does not apply to fines, forfeitures, and restitution paid prior to a defendant's death.  United States v. Zizzo, 120 F.3d 1338, 1347 (7th Cir. 1997) (fines and forfeitures); Asset, 990 F.2d at 214 (restitution); United States v. Schumann, 861 F.2d 1234, 1236 (11th Cir. 1988) (fine).  Thus, Parsons's Estate is not entitled to a return of the forfeiture judgment paid to the government before Parsons's death.

With regard to unpaid restitution orders, this Court has held that if the purpose of the restitution order is primarily compensatory rather than penal, it does not abate upon the death of a defendant pending direct appeal.  Asset, 990 F.2d at 214. Moreover, this court must review the defendant's criminal conviction to determine whether the non-abated restitution order was properly awarded.  United States v. Mmahat, 106 F.3d 89, 93 (5th Cir. 1997).  Whether this circuit's current law, which authorizes Parsons's Estate's appeal, comports with the authorization of restitution by the Victim and Witness Protection Act, 18 U.S.C. § 3663 (VWPA) is a matter for debate, particularly when it leads to

---

[2]United States v. Christopher, 273 F.3d 294, 297 (3d Cir. 2001) (fines and forfeitures); United States v. Asset, 990 F.2d 208, 211 (5th Cir. 1993) (fines); United States v. Schuster, 778 F.2d 1132 (5th Cir. 1985) (fines); Oberlin, 718 F.2d at 895-96 (fines and forfeitures); Pauline, 625 F.2d at 684 (fines).

the strange situation of our reviewing a criminal conviction in what has become a hypothetical case.

In <u>Asset</u>, this Court relied on <u>United States v. Dudley</u>, 739 F.2d 175 (4th Cir. 1984) and on <u>United States v. Cloud</u>, 921 F.2d 225 (9th Cir. 1990), in concluding that the doctrine of abatement does not apply to unpaid compensatory restitution awards. <u>Asset</u>, 990 F.2d at 212-14. <u>Cloud</u> does not, however, necessarily support this Court's conclusion in <u>Asset</u>. In <u>Cloud</u>, the appellant, who was still alive, asserted that the portion of his sentence that made any unpaid balance of his restitution payments due and payable upon his death violated 18 U.S.C. § 3565(h) (repealed). Section 3565(h) provided that "an obligation to pay a <u>fine</u> or <u>penalty</u> ceases upon the death of the defendant" (emphasis added). The court stated in <u>Cloud</u> that its task was not to decide whether restitution payments under the VWPA were primarily compensatory or penal in nature but was instead one of statutory interpretation. The court decided that the "ceases upon death" provision did not apply to restitution orders and that interpreting § 3565(h) otherwise could frustrate the compensatory goals of the VWPA.

Although <u>Cloud</u> recognized the compensatory purpose of VWPA restitution orders, a purpose that arguably supports this court's conclusion in <u>Asset</u>, there is a significant difference between the two cases. In <u>Cloud</u>, the appellant had unsuccessfully appealed his conviction before challenging the survival of his

5

restitution order, whereas in <u>Asset</u>, the criminal defendant died pending an appeal of her case, hence her criminal proceeding abated <u>ab initio</u>. Thus, in <u>Cloud</u>, a judgment of conviction supported the appellant's restitution order, but in <u>Asset</u>, the defendant's conviction was abated. The Ninth Circuit rejected the argument that Cloud's restitution order should abate because Cloud had not died pending resolution of his direct appeal, and his conviction had not abated. <u>United States v. Cloud</u>, 872 F.2d 846, 856-57 (9th Cir. 1989).

In <u>Dudley</u>, the Fourth Circuit held that the abatement principle does not apply to unpaid restitution orders. Instead of focusing on the language of the VWPA, which requires a judgment of conviction to support a restitution award, the court in <u>Dudley</u> based its holding on the compensatory rather than penal nature of restitution orders under the VWPA. <u>Dudley</u>, 739 F.2d at 177.

The Eleventh Circuit has rejected the <u>Dudley</u> approach and concluded that allowing a restitution order to survive the death of a criminal defendant pending appeal conflicts with the VWPA. <u>United States v. Logal</u>, 106 F.3d 1547, 1552 (11th Cir. 1997). Under 18 U.S.C. § 3663(a)(1), the court noted, a defendant must first be convicted of a crime for the court to impose a restitution order, but the abatement principle leaves the defendant "as if he never had been indicted or convicted." <u>See id.</u> (quoting <u>United States v. Schumann</u>, 861 F.2d 1234, 1237 (11th Cir. 1988)). The Eleventh

6

Circuit concluded that the "absence of a conviction precludes imposition of the restitution order . . . pursuant to § 3663." Moreover, survival of the restitution order would violate the "fundamental principle of our jurisprudence from which the abatement principle is derived . . . that a criminal conviction is not final until resolution of the defendant's appeal as a matter of right." Id.

The Third Circuit recently recognized the Eleventh Circuit's view as a minority view, holding that abatement does not apply to compensatory restitution and allowing the parties to brief the merits of a conviction in order to challenge a restitution order. United States v. Christopher, 273 F.3d 294 (3d Cir. 2001). The D.C. Circuit and the Second Circuit have both declined to offer an opinion on the issue when decedents' estates left no assets against which a claim for restitution could be enforced. United States v. Wright, 160 F.3d 905, 909 (2d Cir. 1998); United States v. Pogue, 19 F.3d 663, 665 (D.C. Cir. 1994). Although the Second Circuit avoided answering the question, it noted that the "analytical underpinnings of [not applying the abatement principle to compensatory restitution orders] are not entirely clear . . . since there is no civil judgment[,] . . . and once the conviction is vacated there would seem to be no foundation for the order of restitution." Wright, 160 F.3d at 908-09.

7

The compensatory purpose of the restitution statutes supports this circuit's current position. If restitution orders did not survive the death of a criminal defendant pending direct appeal, victims would be forced to expend time and expense to prove what the defendant did in a claim against his estate. On the other hand, the VWPA states that restitution may be ordered when "sentencing a defendant <u>convicted</u> of an offense." 18 U.S.C. § 3663(a)(1)(A) (emphasis added). "We assume that Congress is aware of existing law when it passes legislation." <u>Michel v. Total Transp., Inc.</u>, 957 F.2d 186, 191 (5th Cir. 1992) (quoting <u>Miles v. Apex Marine Corp.</u>, 498 U.S. 19, 32, 111 S. Ct. 317, 325, 112 L. Ed. 2d 275, 291 (1990)). Federal courts have recognized the abatement principle for over 100 years, <u>see</u> <u>Menken v. Atlanta</u>, 131 U.S. 405 (1889), yet Congress did not provide for the survival of restitution orders following the death of a criminal defendant pending direct appeal.[3] Furthermore, although civil litigation may be costly and time consuming, "nothing precludes the victims from bringing a separate civil action to prevent any improper benefit to [the defendant's] estate." <u>United States v. Logal</u>, 106 F.3d 1547, 1552 (11th Cir. 1997).

---

[3]Congress did, however, provide that if a victim is deceased, the court may order restitution to the victim's estate. 18 U.S.C. § 3663(a)(1)(A).

8

This panel is not convinced that this court's holdings in Asset and Mmahat comply with the plain language of the VWPA. Nevertheless, our precedent holds that because the restitution order here is unquestionably compensatory in nature,[4] it survives Parsons's death. We proceed to consider the appeal of his conviction to determine whether restitution was properly ordered.

## B. Merits

Parsons's Estate argues that Parsons's convictions should be reversed for three reasons. Parsons's Estate first contends that the district court's reasons for dismissing Parsons's indictment without prejudice were inadequate. This Court reviews the dismissal of an indictment without prejudice due to a violation of the Speedy Trial Act for an abuse of discretion. United States v. Blevins, 142 F.3d 223, 225 (5th Cir. 1998).

In determining whether to dismiss an indictment for noncompliance with the Speedy Trial Act with or without prejudice, a district court must consider (1) the seriousness of the offense; (2) the facts and circumstances of the case which led to the dismissal; and (3) the impact of a reprosecution on the administration of the Speedy Trial Act and on the administration of justice. 18 U.S.C. § 3162(a)(2); United States v. Taylor, 487 U.S.

---

[4] The district court ordered restitution in the amount that Parsons obtained from the insurance companies that paid him for his claimed losses.

326, 333, 108 S. Ct. 2413, 2417, 101 L. Ed. 2d 297, 308 (1988). In dismissing Parsons's indictment without prejudice, the district court properly considered each of the three factors. Parsons was convicted of a number of serious offenses that reflected an ongoing scheme of arson and insurance fraud. The trial setting was delayed past the Speedy Trial Act deadline to assure that Parsons's attorney was sufficiently recovered from major surgery to be able to properly represent Parsons. Nothing in the record suggests that a dismissal with prejudice would have had deterrent value, and the public had a significant interest in bringing Parsons to trial on the charged crimes. Moreover, Parsons did not press his right to a speedy trial until he filed a motion to dismiss on the day of his first trial. See Blevins, 142 F.3d at 226 (approving a dismissal without prejudice for a defendant who did not press his right to a speedy trial); United States v. Johnson, 29 F.3d 940, 946 (5th Cir. 1994) (same).

Parsons's Estate asserts that despite the district court's consideration of the three factors set forth in 18 U.S.C. § 3162(a)(2), its reasons for dismissing Parsons's indictment without prejudice are inadequate because the court failed to consider prejudice to the defendant. Taylor, 487 U.S. at 334, 108 S. Ct. at 2418, 101 L. Ed. 2d at 309 (recognizing that "[a]lthough the discussion in the House is inconclusive as to the weight to be given to the presence or absence of prejudice to the defendant,

10

there is little doubt that Congress intended this factor to be relevant for a district court's consideration"). The record is clear, however, that Parsons did not suffer prejudice due to the delay of his first trial, and he failed to show significant prejudice from undergoing a retrial that his appellate strategy rendered likely. See Blevins, 142 F.3d at 225 (even if the district court does not articulate its reasons for dismissing an indictment without prejudice, this Court can determine whether the district court abused its discretion based on the record). The court had this sequence of events in mind when, on remand, it dismissed Parsons's indictment without prejudice. There was plainly no abuse of discretion.

Second, Parsons's Estate asserts that he was entitled to notice and a hearing before the district court decided whether to dismiss his indictment for a violation of the Speedy Trial Act with or without prejudice. We decline to follow the Ninth Circuit in requiring notice and a hearing under these circumstances. United States v. Pena-Carrillo, 46 F.3d 879 (9th Cir. 1995); United States v. Delgado-Miranda, 951 F.2d 1063 (9th Cir. 1991). Because the district court was well-acquainted with the procedural background of Parsons's case before it dismissed his indictment without prejudice, a hearing would not have affected the district court's decision. Moreover, the district court substantially complied with the analysis required by 18 U.S.C. § 3162(a)(2). Finally,

11

even if we were to adopt the Ninth Circuit position, which we do not, we would have to remand to the district court. Since Parsons is dead, it would be absurd to ask the trial court to enter into a hypothetical exercise.

Third, Parsons's Estate contends that his conviction for federal arson under 18 U.S.C. § 844(i)[5] should be reversed because the government did not present sufficient evidence to allow a reasonable jury to find that his hotel was used in interstate commerce or that it affected interstate commerce.[6] When reviewing the sufficiency of evidence, this Court views "the evidence and all inferences therefrom in the light most favorable to the verdict and must affirm if a rational jury could have found that the government proved each element of the offense beyond a reasonable doubt." United States v. Cavin, 39 F.3d 1299, 1305 (5th Cir. 1994).

_____

[5]18 U.S.C. § 844(i) provides in pertinent part:

> Whoever maliciously damages or destroys, or attempts to damage or destroy, by means of fire or an explosive, any building, vehicle, or other real or personal property used in interstate or foreign commerce or in any activity affecting interstate or foreign commerce shall be imprisoned for not less than 5 years and not more than 20 years, fined under this title, or both.

[6]Parsons's Estate also contends that if Parsons's federal arson conviction on Count 1 is vacated because of insufficient evidence, Parsons's convictions on Counts 2, 3, 4, and 5 for mail fraud and money laundering should also be vacated because they are inextricably intertwined with the arson described in Count 1. Because we find the government's evidence sufficient to support Parsons's federal arson conviction, we do not consider the Estate's additional arguments.

12

A two-part test governs whether a building satisfies the interstate commerce requirement of 18 U.S.C. § 844(i). The proper inquiry "is into the function of the building itself, and then a determination of whether that function affects interstate commerce." Jones v. United States, 529 U.S. 848, 854, 120 S. Ct. 1904, 1910, 146 L. Ed. 2d 902, 909 (2000) (quoting United States v. Ryan, 9 F.3d 660, 675 (8th Cir. 1993) (Arnold, C.J., concurring in part and dissenting in part)). The function of a commercial hotel is to provide guests with a place to stay or a place to hold events, and such a function affects interstate commerce, especially when, as in this case, the hotel advertises nationwide and provides services for out-of-state guests. Moreover, a hotel is an instrumentality in interstate commerce under the second prong of the Lopez test and is also a facility that substantially affects interstate commerce under the third prong of the Lopez test for upholding federal jurisdiction under the commerce clause. See United States v. Lopez, 514 U.S. 549, 558-59, 115 S. Ct. 1624, 1629-30, 131 L. Ed. 2d 626, 637 (1994); Heart of Atlanta Motel, Inc. v. United States, 379 U.S. 241, 85 S. Ct. 348, 13 L. Ed. 2d 258 (1964) (concluding that hotels catering to interstate guests substantially affect interstate commerce).

Although Parsons concedes that his hotel may have been used in interstate commerce at some point, he argues that it was used only for local functions, such as dances, when it was

13

destroyed by fire. Parsons thus argues that use of his hotel at the time of the fire does not satisfy the <u>Jones</u> requirement of "active employment for commercial purposes, and not merely a passive, passing, or past connection to commerce." <u>Jones</u>, 529 U.S. at 855, 120 S. Ct. at 1910, 146 L. Ed. 2d at 910. Despite the fact that Parsons's hotel may have been closed for the winter season, a temporary cessation of activity does not place the hotel beyond the reach of 18 U.S.C. § 844(i) if there is intent to return to the stream of commerce. <u>See</u> <u>United States v. Williams</u>, 299 F.3d 250 (3d Cir. 2002) (holding that arson of a vacant building available for rent constituted a federal crime under 18 U.S.C. § 844(i)); <u>United States v. Martin</u>, 63 F.3d 1422 (7th Cir. 1995) (same); <u>United States v. Turner</u>, 995 F.2d 1357 (6th Cir. 1993) (same). Because a reasonable jury could have found beyond a reasonable doubt that Parsons's hotel was used in interstate commerce, we affirm his conviction for federal arson under 18 U.S.C. § 844(i).

## III.  CONCLUSION

Parsons's Estate is not entitled to a return of the forfeiture paid to the government by Parsons prior to his death. Under the rules of <u>Asset</u> and <u>Mmahat</u>, we affirm Parsons's convictions on appeal and conclude that Parsons's Estate must pay the restitution order.

**AFFIRMED.**

14