IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 02-20015
Summary Calendar

_____

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

JUAN MANUEL RUIZ-MOTA,

Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Southern District of Texas
USDC No. H-01-CR-545-1
--------------------
February 12, 2003

Before HIGGINBOTHAM, SMITH, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

Juan Manuel Ruiz-Mota appeals his bench-trial conviction for illegal re-entry after deportation following an aggravated felony. He first argues that the dismissal of the original indictment for Speedy Trial Act violations should have been with prejudice. The district court properly considered the statutory factors of 18 U.S.C. § 3162(a)(1), and its supporting factual findings are not clearly in error. United States v. Taylor, 487

_____

   [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

U.S. 326, 337 (1988).  Accordingly, the district court did not abuse its discretion in dismissing the first indictment without prejudice and in permitting reindictment.  See United States v. Blevins, 142 F.3d 223, 224 (5th Cir. 1998).

Ruiz also avers that 8 U.S.C. § 1326(b), which was used to enhance his sentence based on his prior aggravated felony conviction, is unconstitutional.  Ruiz acknowledges that his argument is foreclosed by Almendarez-Torres v. United States, 523 U.S. 224 (1998), but he seeks to preserve the issue for Supreme Court review in light of Apprendi v. New Jersey, 530 U.S. 466, 490 (2000).

Apprendi did not overrule Almendarez-Torres.  See Apprendi, 530 U.S. at 489-90, 496; United States v. Dabeit, 231 F.3d 979, 984 (5th Cir. 2000).  Ruiz' argument is foreclosed.  Accordingly, the judgment is AFFIRMED.