United States Court of Appeals
Fifth Circuit

**F I L E D**

**March 31, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

—————————

No. 03-50771
Summary Calendar

—————————

UNITED STATES OF AMERICA

Plaintiff - Appellee

v.

ANTHONY TYRONE PERKINS

Defendant - Appellant

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. A-03-CR-72-ALL-SS
--------------------

Before KING, Chief Judge, and DAVIS and BARKSDALE, Circuit Judges.

PER CURIAM:[*]

Anthony Tyrone Perkins appeals his jury conviction and sentence for possession of a firearm by a convicted felon in violation of 18 U.S.C. § 922(g)(1).

Perkins first contends that the district court abused its discretion when it dismissed the original indictment without prejudice for violations of the Speedy Trial Act. The district court properly considered the statutory factors of 18 U.S.C.

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

§ 3162(a)(2), and its supporting factual findings were not clearly in error. See United States v. Taylor, 487 U.S. 326, 337 (1988). Accordingly, the district court did not abuse its discretion in dismissing the original indictment without prejudice and in permitting reindictment. See United States v. Blevins, 142 F.3d 223, 224 (5th Cir. 1998).

Perkins also contends that 18 U.S.C. § 922(g)(1) unconstitutionally extends federal power to reach firearm possession that does not substantially affect interstate commerce. He concedes that this argument is foreclosed by circuit precedent, and he raises it to preserve it for possible Supreme Court review.

The Supreme Court's decision in United States v. Lopez, 514 U.S. 549 (1995) did not invalidate 18 U.S.C. § 922(g)(1). See United States v. Rawls, 85 F.3d 240, 242 (5th Cir. 1996). Moreover, evidence that the firearm Perkins possessed was not manufactured in Texas is sufficient to maintain a 18 U.S.C. § 922(g)(1) conviction. See United States v. Daugherty, 264 F.3d 513, 518 & n.12 (5th Cir. 2001).

Therefore, the judgment of the district court is AFFIRMED.