United States Court of Appeals
Fifth Circuit

**F I L E D**

**July 7, 2004**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

———————————————

No. 03-50432
Summary Calendar

———————————————

UNITED STATES OF AMERICA,

                                        Plaintiff-Appellee,

versus

GARRIE LAVERT SAMUELS,

                                        Defendant-Appellant.

--------------------
Appeal from the United States District Court
for the Western District of Texas
USDC No. MO-02-CR-108-ALL
--------------------

Before HIGGINBOTHAM, DAVIS and PRADO, Circuit Judges.

PER CURIAM:[*]

     Garrie Lavert Samuels appeals his convictions for conspiracy
to possess with intent to distribute cocaine base, aiding and
abetting the possession of cocaine base with the intent to
distribute, and aiding and abetting the possession and
distribution of cocaine base, in violation of 18 U.S.C. § 2 and
21 U.S.C. §§ 841(a)(1), 846.  He argues that the evidence was
insufficient to sustain his conspiracy conviction, that the
district court abused its discretion in dismissing his original

———————————————

     [*] Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

indictment without prejudice, and that the district court abused its discretion in admitting evidence of his prior drug convictions.

Because Samuels did not renew his FED. R. CRIM. P. 29 motion for a judgment of acquittal at the close of all of the evidence, and his post-verdict motions were untimely, this court's review of the sufficiency of the evidence consequently "is limited to determining whether there was a manifest miscarriage of justice." United States v. Inocencio, 40 F.3d 716, 724 (5th Cir. 1994) (citation omitted). A conspiracy agreement can be established through either direct or circumstantial evidence. Id. Here, the circumstantial evidence showed that Samuels and Monroe were involved in a conspiracy to possess with intent to distribute the crack found in Monroe's apartment. Therefore, Samuels' insufficiency-of-the-evidence claim fails. See id. at 724.

This court reviews a dismissal without prejudice under the Speedy Trial Act for abuse of discretion. United States v. Blevins, 142 F.3d 223, 225 (5th Cir. 1998). The district court properly concluded that Samuels' offenses were serious offenses under the Speedy Trial Act. United States v. Melguizo, 824 F.2d 370, 371 (5th Cir. 1987). Contrary to Samuels' contentions, there was no evidence "that the delay was sought for ulterior purposes or that the Government regularly or frequently failed to meet deadlines in his case." Blevins, 142 F.3d at 226. Finally, the impact of a reprosecution on the administration of the Speedy

Trial Act and on the administration of justice also weighed in favor of dismissal without prejudice.  Id.  Therefore, the district did not abuse its discretion in dismissing the first indictment without prejudice and in permitting reindictment. See id. at 224.

This court has consistently "held that evidence of a defendant's prior conviction for a similar crime is more probative than prejudicial and that any prejudicial effect may be minimized by a proper jury instruction."  United States v. Taylor, 210 F.3d 311, 318 (5th Cir. 2000).  Samuels does not specifically dispute that his prior convictions were for a similar crime, and the district court twice admonished the jury that Samuels' prior convictions were not to be considered as evidence that he committed the offenses charged.  Contrary to Samuels' contentions, our decision in United States v. Jackson, 339 F.3d 349 (5th Cir. 2003), is inapposite.  The district court did not abuse its discretion in admitting evidence of Samuels' prior convictions.  See Taylor, 210 F.3d at 318.

Accordingly, the district court's judgment is AFFIRMED.