United States Court of Appeals
Fifth Circuit

**F I L E D**

**October 2, 2006**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-31009
Summary Calendar

MUNDAY / ELKINS AUTOMOTIVE PARTNERS LTD.,
doing business as Elkins Nissan

Plaintiff-Appellant,

versus

ERIC BRANDON SMITH; ERNEST A. LANDMAN

Defendants-Appellees.

Appeal from the United States District Court
for the Western District of Louisiana
(No. 5:04-CV-1786)

Before JOLLY, DENNIS, and CLEMENT, Circuit Judges.

PER CURIAM:[*]

The plaintiff, Munday/Elkins Automotive Partners, Ltd., doing business as Elkins

Nissan ("Munday"), appeals the district court's dismissal without prejudice for lack of

jurisdiction and failure to prosecute. We affirm.

---

[*]Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH
CIR. R. 47.5.4.

## I. FACTS AND PROCEEDINGS

Munday brought suit against the defendants, Eric Brandon Smith and Ernest A. Landman, as a result of an incident in which the defendants allegedly crashed their vehicle into many other vehicles owned by Munday on Munday's dealership property. On August 26, 2004, Munday filed a complaint in federal court, alleging diversity jurisdiction was proper under 28 U.S.C. § 1332. Munday is a limited partnership of which all of its partners are allegedly Texas citizens. Smith and Landman are Louisiana citizens. The defendants never responded to the complaint. Nearly six months after the filing of the complaint, the clerk's office filed a notice of intent to dismiss for failure to prosecute pursuant to Local Rule 41.3W, which states that "[a] civil action may be dismissed by the clerk of court or any judge of this court for lack of prosecution . . . [w]here no responsive pleadings have been filed or default has been entered within 60 days after service of process." This notice afforded Munday ten days in which to file a motion for an extension of time. Shortly thereafter, Munday filed such a motion, the court granted it, Munday moved for default judgment, and a notice of entry of default judgment was entered by the clerk's office. Subsequently, the clerk's office issued another notice of intent to dismiss for failure to prosecute and Munday moved for an entry of default judgment.

The district court issued a minute entry, *sua sponte* ordering Munday to provide information on subject matter jurisdiction, specifically the citizenship of one of the partners. Munday filed such information, and the district court issued another minute entry requiring that further information on subject matter jurisdiction be filed by August

2

1, 2005. Munday failed to file anything by August 1, 2005. On August 3, 2005, the district court dismissed Munday's case without prejudice for "failure to comply with this Court's instructions." Munday moved for reconsideration and the magistrate judge granted the motion and extended the time to file the information until August 15, 2005. After Munday failed to file anything by August 15, 2005, the district court dismissed the case without prejudice for lack of jurisdiction and failure to prosecute on August 23, 2005. On August 25, 2005, Munday filed another motion for reconsideration, which the district court denied. Munday timely appealed.

## II. STANDARD OF REVIEW

It is well-settled that the district court can dismiss a case *sua sponte* for failure to prosecute. *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (per curiam); *see also Anthony v. Marion County Gen. Hosp.*, 617 F.2d 1164, 1167 (5th Cir. 1980) ("Not only may a district court dismiss for want of prosecution upon motion of a defendant, but it may also sua sponte dismiss an action whenever necessary to achieve the orderly and expeditious disposition of cases.") (internal quotation omitted). The court of appeals reviews such a dismissal for abuse of discretion. *Rogers v. Kroger*, 669 F.2d 317, 320 (5th Cir. 1982).

## III. DISCUSSION

We must first consider the issue of subject matter jurisdiction. *Bridgmon v. Array Sys. Corp.*, 325 F.3d 572, 575 (5th Cir. 2003). If subject matter jurisdiction is not proper, we must dismiss Munday's appeal for want of jurisdiction. *Id.*

3

The evidence presently before the court indicates that diversity jurisdiction is proper. Given, however, that the unheeded order from the district court sought to discover more about the citizenship of one of the partners in Munday, it is possible that further fact development could indicate that diversity jurisdiction is not proper. Moreover, as we affirm the district court's dismissal without prejudice for failure to prosecute, we, like the district court, do not reach the merits of the case. *See Bader v. Atlantic Int'l, Ltd.*, 986 F.2d 912, 916 (5th Cir. 1993).

Munday argues that dismissal without prejudice for failure to prosecute is too harsh in light of the facts. The caselaw cited by Munday does not support this argument.

Munday cites *United States v. Blevins*, a case that involved the dismissal of an indictment. 142 F.3d 223, 225 (5th Cir. 1998). The interests involved in dismissing an indictment are completely different than those in a civil case. In addition, the processes for refiling a civil case and for indicting a defendant again are completely different. *Blevins* is not persuasive here.

Munday also relies on three cases involving dismissals with prejudice, which therefore are inapposite. *See Gonzalez v. Trinity Marine Group*, 117 F.3d 894, 898 (5th Cir. 1997); *see also Williams v. Chicago Board of Education*, 155 F.3d 853, 854, 857 (7th Cir. 1998) (per curiam); *Palmer v. City of Decatur*, 814 F.2d 426, 429 (7th Cir. 1987). The harm from a dismissal with prejudice is quite different from that from a dismissal without prejudice. *See Sharif v. Wellness Int'l Network, Ltd.*, 376 F.3d 720, 725 (7th Cir. 2004) ("Because a plaintiff may refile the same suit on the same claim, dismissal without

4

prejudice does not constitute such a harsh sanction and does not foreclose a determination on the merits.").

Finally, Munday cites to cases involving dismissals without prejudice but in which the statute of limitations may effectively render the case dismissed with prejudice because of a time bar. *See Gray v. Fidelity Acceptance Corp.*, 634 F.2d 226, 227 (5th Cir. 1981) (per curiam); *Boazman v. Economics Laboratory, Inc.*, 537 F.2d 210, 212 (5th Cir. 1976) ("[W]here the dismissal is without prejudice, but the applicable statute of limitations probably bars further litigation, the standard of review of the District Court's dismissal should be the same as is used when reviewing a dismissal with prejudice."). The only harm that Munday articulates is the cost of refiling and reserving the suit and a delay in time. We cannot conclude that the district court abused its discretion in dismissing without prejudice for failure to prosecute.

## IV. CONCLUSION

The judgment of the district court is AFFIRMED.