# United States Court of Appeals
# for the Fifth Circuit

———————————

No. 24-10207
Summary Calendar

———————————

United States Court of Appeals
Fifth Circuit

**FILED**

February 20, 2025

Lyle W. Cayce
Clerk

United States of America,

*Plaintiff—Appellee*,

*versus*

Daniel Rey Settle,

*Defendant—Appellant*.

———————————————————————

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CR-54-1

———————————————————————

Before Higginbotham, Jones, and Oldham, *Circuit Judges*.

Per Curiam:[*]

Daniel Rey Settle appeals his conviction, following a jury trial, for sex trafficking through force, fraud, or coercion in violation of 18 U.S.C. § 1591(a)(1) (Count One).

First, he argues the district court erred when it denied his motion for reconsideration of its dismissal of Count One without prejudice after the

———————————————

[*] This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 24-10207

Government violated the Speedy Trial Act ("STA").  In particular, he contends he was prejudiced by the district court's ruling because the Government was permitted to reinstate Count One after it had allowed the destruction of evidence favorable to him in violation of *Brady v. Maryland*, 373 U.S. 83 (1963).

We review the district court's decision to dismiss Count One without prejudice for an abuse of discretion. *See United States v. Blevins*, 142 F.3d 223, 225 (5th Cir. 1998). We review allegations of *Brady* violations *de novo*. *United States v. Perry*, 35 F.4th 293, 345 (5th Cir. 2022).  To establish a *Brady* violation, a defendant must show "(1) the prosecution suppressed evidence; (2) the evidence was favorable to the defendant; and (3) the evidence was material either to guilt or punishment." *Id.* (internal quotation and citation omitted).

Settle fails to satisfy *Brady*'s materiality prong for two reasons.  First, the destroyed evidence was merely cumulative of other evidence in the record.  *See United States v. Brumfield*, 89 F.4th 506, 514–15 (5th Cir. 2023), *cert. denied*, 2024 WL 4427072 (U.S. Oct. 7, 2024) (No. 23-7746).  Second, although the victim's testimony could have been impeached by the destroyed evidence, her testimony was "strongly corroborated by additional evidence supporting a guilty verdict." *Id.* at 515 (internal quotation marks and citation omitted).  Given Settle's failure to show materiality under *Brady* , we reject his contention that the court abused its discretion by dismissing Count One without prejudice.  *See Blevins*, 142 F.3d at 225.

Next, Settle contends that his pretrial detention in the special housing unit violated the Fourteenth Amendment's due process clause and his Sixth Amendment right to counsel.  These arguments amount to challenges to the conditions of Settle's confinement and to the denial of his access to the courts, respectively.  *See Bell v. Wolfish*, 441 U.S. 520, 535–37 (1979) (stating

2

that conditions of pretrial confinement constitute deprivations of liberty without due process only if they amount to punishment); *Brewer v. Wilkinson*, 3 F.3d 816, 820–21 (stating that conditions of detention may abridge a prisoner's right of access to the courts). Such claims are not properly raised in a direct criminal appeal but should instead be asserted in a separate civil action filed after exhausting available administrative remedies. *See United States v. Carmichael*, 343 F.3d 756, 759-61 (5th Cir. 2003); *Jackson v. Johnson*, 475 F.3d 261, 263-64 & n.2 (5th Cir. 2007) (stating that challenges to the conditions of confinement are properly presented in a 42 U.S.C. § 1983 action); *see also United States v. Fierro*, 47 F.3d 424, 424 (5th Cir. 1995) (unpublished but precedential under 5TH CIR. R. 47.5.3) (explaining that a § 1983 complaint is the appropriate vehicle for raising claims based on Fourteenth Amendment violations that occurred even before a defendant's trial).

Finally, Settle argues that his pretrial counsel rendered constitutionally ineffective assistance by filing motions to continue against his wishes. Such claims are ordinarily evaluated on collateral review, *see Massaro v. United States*, 538 U.S. 500, 504 (2003), except in "rare cases" where the record below is adequate. *United States v. Navejar*, 963 F.2d 732, 735 (5th Cir. 1992). Because the record is not sufficiently developed to allow us to make a fair evaluation of Settle's claim, we decline to consider it without prejudice to collateral review. *See United States v. Isgar*, 739 F.3d 829, 841 (5th Cir. 2014).

AFFIRMED.